Case 13.—PROSECUTION AGAINST JAMES WILLS FOR PER-
MITTING A MINOR TO PLAY ON A BILLIARD TABLE.—
September 27.

## Commonwealth v. Wills.

Appeal from Clark Circuit Court.

J. M. BENTON, Circuit Judge.

Defendant acquitted and Commonwealth appeals.
Affirmed.

Indictments—Construction of statute—Billiard or Pool Tables—
Under sec. 1927, Ky. Stats., the owner or controller of the
table must know the person playing is a minor before he is
guilty of an offense under the statute. He is not guilty if
he permits a minor to play upon the table when he is ignorant
as to his age.

N. B. HAYS, Attorney General, and C. H. MORRIS for ap-
pellant.

We submit that the jury are not required to believe that at the
time of the alleged playing the owner of the table must have
known that the player was under 21 years of age. The law makes
it incumbent on the owner to know that those offering to play,
and playing, are laboring under no disability. (Ulrich v. Com-
monwealth, 6 Bush, 400.)

OPINION BY JUDGE PAYNTER—Affirming.

The indictment in this case was based upon sec.
1972, Ky. Stats. 1903, which reads as follows: "If
any person, being the owner or controller of the
tables called 'pigeon-hole tables,' or any table simi-
lar thereto, or any billiard table, shall knowingly
suffer or permit, for compensation or reward, any
minor under the age of twenty-one years, without
the written permission of the parent or guardian

of said minor, to play any game thereon, either by betting or not betting." The lower court, among other instructions, gave the following: "The phrase 'knowingly suffer or permit,' as used and applied in the first instruction, means that the defendant must have suffered or permitted Sam Burton to play pool on his tables with the knowledge that he was under twenty-one years of age." This appeal seems to have been prosecuted because the lower court gave this instruction; it being claimed that the definition given the phrase "knowingly suffer or permit" is incorrect. Under the section of the statute, supra, the owner or controller of the table must know the party playing upon it is a minor before he is guilty of an offense under it. He is not guilty of an offense if he permits a minor to play upon his table when he is ignorant as to his age. If the Legislature had intended to impose a penalty for permitting or suffering a minor to play upon the table, it would have so declared. Had such been the intention, the word "knowingly" would not have been used in the statute.

The judgment is affirmed.