## DeZarn v. Commonwealth.

(Decided September 22, 1922.)

### Appeal from Clay Circuit Court.

1.  Gaming—Owner of Pool Room Liable for Act of Agent.—Under section 1972, the owner of a pool room held liable for act of his agent to whom he had entrusted the operation of his business, in permitting minor to play without written consent of his parent.
2.  Gaming—Permitting Minor to Play Pool—Evidence.—Appearance and testimony of boy 16 years of age that he was permitted to play on defendant's table, sufficient proof to carry case to jury upon the question of defendant's knowledge he was under age, and sufficient to sustain verdict of guilt in absence of denial of knowledge by defendant's agent in charge of his business.

J. C. GLOYD for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the defendant from a judgment of the Clay circuit court convicting him of the offense denounced by section 1972, Kentucky Statutes, of knowingly suffering and permitting Gilbert Gregory, a person under 21 years of age, without the written consent of his parent or guardian, to engage in a game of pool upon tables operated by him, and fixing his punishment at a fine of $100.00.

For reversal it is contended that there was no proof the defendant had knowledge that Gregory was permitted to play upon his tables, first, because the evidence shows that the defendant was not present at the time  or informed of the fact, and had instructed his agent in charge of the business, Toul Sams, not to allow any minors to engage in any game upon his tables; and second, because there was no proof that Sams knew Gregory was under age. In support of these contentions we are referred to Commonwealth v. Wills, 121 Ky. 103, 89 S. W. 144, in which we held that knowledge by the owner or controller of the table was an essential ingredient of the offense, and that one is not guilty under the statute if he permits a minor to play upon his table when he is ignorant of his age.

That opinion, however, is not pertinent here, since it deals only with the proper definition of the offense in the

instructions and the instructions given in this case conform therewith. It does not refer to what is proof of such knowledge by the defendant—the question now raised.

The general rule is, of course, that the principal is not liable criminally for the acts performed by his agent without his knowledge or consent, and especially where done in violation of his instructions, but we think this case properly falls within a well-recognized exception to that rule, although there is much conflict in the authorities upon the question. We uniformly held in this state that the owner of a licensed saloon was liable criminally for an illegal sale by an authorized bartender, and more recently have applied the same principle to illegal sales of liquor under the various local option and prohibition acts. There is no sound basis, it seems to us, for distinguishing this from such cases so as to exclude it from the exception to the general rule, although the prohibition of this statute is not absolute but is qualified by the word "knowingly."

The licensee here completely delegated his authority in the operation of his pool room to Sams, thereby delegating his own power of permitting or preventing, and it would be a strange perversion of justice as well as the obvious purpose of the statute if in the exercise of the license conferred upon him with this limitation attached, he may reap the rewards and escape the consequences of violations of the statute by simply instructing his agent not to disregard the law.

An interesting discussion of the question may be found in the note to Commonwealth v. Sacks, 43 L. R. A. (N. S.) 2, in which many cases are cited sustaining our view. See also 8 R. C. L. 66 and 21 Ibid. 934, et seq.

Upon a review of the authorities upon the question, and more especially because defendant acknowledged he knew his agent was not obeying his instructions not to permit minors to play, it is our judgment that the knowledge of Sams, if any, should be imputed to the defendant.

The Commonwealth did not prove by direct evidence that Sams knew Gregory was not 21 years of age, as no doubt it was unable to do, but it introduced Gregory as a witness, who testified without contradiction that at the time he was only 16 years of age. The jury was thus given the opportunity to judge for themselves whether or not Gregory's appearance was such that

Sams must necessarily have known he was a minor. This fact considered in connection with the uncontradicted proof that Gregory was only 16 years of age at the time, is some evidence at least tending to prove that Sams knew he was a minor, and is doubtless the best, if not the only evidence, that could have been introduced to prove that fact.

It is urged that it is a matter of common knowledge that many boys 16 years of age have the appearance of being more than 21, but to this we cannot agree, and even if it were true, we certainly do not know judicially that the appearance of this 16-year-old boy, whom the jury saw and heard testify, was not such as to prove that Sams knew he was under 21 years of age when he permitted him to play on the tables of defendant.

Upon the other hand, we feel entirely warranted in assuming, in the absence of evidence to the contrary, that his appearance was such as to prove that Sams must have known and did know he was a minor when he permitted him to engage in the game.

Judgment affirmed.