## Justice v. Commonwealth.

(Decided March 19, 1926.)

## Appeal from Pike Circuit Court.

1. Contracts.—Forged instrument is a mere nullity and cannot ordinarily be basis of a legal right against putative maker or any one else.

2. Forgery.—Knowledge is test of criminality as to utterance of forged instrument under Ky. Stats., sections 1181, 1188.

3. Infants—Conviction for Permitting Minor to Play on Pool Tables could Not be Sustained, where Defendant in Good Faith Relied on Forged Consent (Ky. Stats., Section 1972).—Evidence that defendant permitted minor to play upon his pool tables believing in good faith that written consent was signed by infant's father, as it appeared to have been signed, held insufficient to sustain conviction, under Ky. Stats., section 1972, for permitting such minor to play pool on defendant's tables.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Reversing.

Appellant is complaining of his conviction under section 1972 of the statutes which makes it a misdemeanor for any person to "knowingly suffer or permit for compensation or award any minor under the age of twenty-one years without the written permission of the parent or guardian of said minor" to play pool, etc., on tables owned or controlled by him.

Defendant operates a pool room and permitted the prosecuting witness to play pool therein for compensation knowing he was a minor. Before doing so, however, the minor delivered to him what purported to be the written consent of the father and which he in good faith believed it to be, but which it later developed was signed by the minor and presumably without the father's knowledge or consent.

There was no conflict in the evidence upon any point and the sole question for decision is whether or not the court erred in refusing to direct an acquittal and in instructing the jury in substance that the writing afforded defendant no protection even though at the time he accepted it and permitted the minor to play he in good faith believed it to have been signed by the father.

It is true of course that a forged instrument is a mere nullity and therefore can not ordinarily be the basis of a legal right against the putative maker or any one else. It, however, is equally true that knowledge is often the test of criminality and this is true with reference to the utterance of a forged instrument. Sections 1181-1188, Kentucky Statutes. We have held that the "knowingly" in this statute means that the defendant is not guilty of the offense if he permits a minor to play upon his tables when he is ignorant as to his age. Commonwealth v. Wills, 121 Ky. 103, 89 S. W. 144; DeZarn v. Commonwealth, 195 Ky. 686, 243 S. W. 921. As the "knowingly" qualifies the nonage of the player so also must it in the same way qualify the lack of parental consent since both are necessary elements of the offense as defined in a single sentence.

We are, therfore, of the opinion that the given instruction is erroneous and that an acquittal should have been directed since as already pointed out there was not only no evidence indicating that the defendant knew or ought to have known the writing was not genuine but upon the contrary it was proven without contradiction that he permitted the minor to play upon his tables believing in good faith that the written consent was signed by the father as it appeared to have been signed.

Wherefore, the judgment is reversed and the cause remanded for proceedings not inconsistent herewith.