C. G. MEIGS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed October 29, 1927.

Petition for rehearing denied November 21, 1927.

*L. V. Trueman,* Attorney for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error was convicted for violating the provisions of Section 1 of Chapter 10123, Laws of Florida, Acts of 1925, by having in his possession certain salt water trout of less length than 12 inches from tip of nose to fork of tail.

The evidence shows convincingly that salt water trout fish of the prohibited size were found in the place of business of the plaintiff in error. The evidence further shows that the business engaged in by the plaintiff in error was that of a wholesale and retail fish dealer. The Court will take judicial cognizance of the fact that a license was required by the State of Florida without which a person may not lawfully engage in the business of a wholesale or retail fish dealer. The evidence in this case shows conclusively that the fish in question were purchased by the agent and servant of the plaintiff in error and that the purchasing of fish by the agent and servant of the plaintiff in error was within his general authority and that such purchase were made by him on behalf of the plaintiff in error in the ordinary course of business. In 43 L. R. A. New Series 21, Commonwealth v. Sacks, it is said:

"If certain acts are positively forbidden by statute, and it is the policy of the law to prohibit them, irrespective of what the motive or intent of the person violating the statute may be, no principle of justice is violated by holding the master responsible for the conduct of his servant on the same theory that he is held responsible civilly. In holding that under a statute providing that it is a misdemeanor for any dealer in intoxicating liquor to sell directly

or indirectly, or give away, such liquor to any unmarried person under twenty-one years of age, knowing such person to be under that age, a liquor dealer is criminally liable for the unlawful sale by an agent or servant, although made without his knowledge and against his instructions, since a criminal intention is unnecessary to constitute the offense, the court in a North Carolina case said: 'The licensee cannot put his clerks in his shoes, give them the benefit of the license issued to him upon the confidence reposed in his moral character, and not be held responsible for their violations of the law in the scope of such employment. He can not set up his bar, receive its profits, and abdicate his duties. The duty is imposed on him that the law shall not be violated by a sale to a minor. Here the sale was to a minor. The defendant put it in the power and authority of the clerk to sell. It was the defendant's own risk and peril that he was not present, and that he did not make the sale himself. That his agent did not obey his instructions, and negligently or purposely violated the law, does not exculpate the defendant. The law has been violated. It looks to the man it authorized to sell, the licensee, this defendant. The sale by the clerk was in law a sale by the principal, and the violation of the law must be laid on the defendant who gave the clerk the means and the authority to sell but did not take proper care in selecting his agent, or use means sufficient to prevent illegal sales by him. It will not do for the defendant to say that he authorized legal sales and the clerk made illegal sales. The law authorized the defendant to sell. Whether his sales are legal or illegal is at his peril, and it can make no difference whether he sells by his own hands or through an agent whom he improperly selected or insufficiently supervised. The violation of the law is at the door of the man whom alone the law authorized to sell.

The agent or clerk (if identified) is also liable as aiding and abetting in the illegal sale.' So, where 'the statute makes a party liable for a sale by himself or by his agent or servant, of milk not of the standard quality it has been held that no criminal intent on the part of the master or principal is necessary in order to render him liable for a sale in violation of the statute, and he may consequently be held liable for an inadvertent sale in the course of his employment on the part of his servant or agent in violation of the statute. And the offense of admitting minors to a billiard room contrary to the provisions of a statute absolute in form has been held to be of that class in which knowledge of guilty intention is not an essential ingredient, and consequently, if minors are actually present in such a room, and suffered to remain therein either by the proprietor or his servants who have charge and keeping thereof, it is irrelevant and immaterial to prove that the proprietor had forbidden them to enter, and that he was not present when his servants permitted them to be there. So it has been declared that a ship may be liable to confiscation for piracy, irrespective of the innocence of the owners.''

This enunciation of the law is sustained in State v. Kittelle, 110 N. C. 560, 15 S. E. 103; State v. Gilmore, 80 Vermont 514, 16 L. R. A. New Series 786; Walters v. State, 174 Ind. 545, 92 N. E. 537; Olson v. State, 143 Wisc. 413, 127 N. W. 975; Commonwealth v. Warren, 160 Mass. 533, 36 N. E. 308; Commonwealth v. Emmons, 98 Mass. 6.

We think that the rule as stated in the above cited cases is applicable to the case at bar.

The licensee procured his license and engaged in a particular line of business which is regulated, to a large extent, by the laws of the State of Florida. When he undertook to engage in that business he automatically undertook

to see that the laws of the State affecting that particular business should not be violated in its conduct. The statute positively forbids any person, persons, firm or corporation to take, have in its or their possession, to buy, sell or offer for sale at any time * * * salt water trout of less length than 12 inches from tip of nose to fork of tail. When the fish here complained about were found they were in the place of business owned and operated by the plaintiff in error. They were packed ready for shipment from the place of business of the plaintiff in error in due course of trade. They had been bought, prepared and packed by the agents or servants of the plaintiff in error in due course of their employment and in the exercise of their authority as his agents and servants. The offense is a public offense and not of a private nature. The law was enacted to protect one of the great natural resources of the State. Its violation does not necessarily involve morals, but does involve the question of good citizenship.

"If the servant's illegal act is within the scope of his authority, and the offense is one that is positively forbidden, irrespective of the intent of the wrongdoer, the master may be convicted." Commonwealth v. Sacks, 43 L. R. A. Text 30.

We find no material error disclosed by the record. The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.