PER CURIAM.
This is an appeal by the State from an order of the Criminal Court of Record for Dade County, Florida, which quashed counts numbered two through nine of a ten-count information. The appellee, T. A. Buchanan, was the elected Sheriff of Dade County on the date the information was filed. The State urges that the eight counts, which were dismissed, charged the appellee with a crime, punishable with the same penalty as perjury, pursuant to section 104.27(7), Fla.Stat.1963, F.S.A., by knowingly making by and through his campaign treasurer a false report of political contributions. Sec* tion 104.27(7), Fla.Stat.1963, F.S.A., provides :
“Whoever shall knowingly make any false certificate, statement, or report provided for in § 99.161 shall suffer the pains and penalties for perjury.”
The campaign treasurer of a candidate for public office in the State of Florida is required to make a full and complete report of each contribution to the campaign. Subsection 99.161(8) (a), Fla.Stat. 1963, F.S.A., provides:
“Each candidate shall report to his campaign treasurer on Friday of each week all expenditures made by such candidate for traveling expenses during the preceding seven days and each campaign treasurer shall make a full and complete report of all monies or other things of value contributed to him and to all deputy campaign treasurers of such candidate; the report shall contain the names and addresses of each of the contributors and the amount contributed by each, and a *271 complete statement of all expenditures authorized, incurred, or made by him, and by all deputy campaign treasurers, to the date of such report, and all expenditures by the candidate for traveling expenses made prior to the Friday next preceding the filing of such report.”
Section 99.161(8) (c), Fla.Stat.1963, F.S.A., provides:
“The campaign treasurer shall certify as to the correctness of each report and the candidate shall also bear the responsibility for the accuracy and veracity of each report.”
Counts two and three of the information read as follows:
“And RICHARD E. GERSTEIN, State Attorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that T. A. BUCHANAN on the 2nd day of December, 1963, in the County and State aforesaid, T. A. Buchanan, being then and there a candidate for election to the office of Sheriff of Dade County, Florida, did knowingly make, by and through his campaign treasurer, a false report to the Clerk of the Circuit Court of Dade County, Florida, who received same in his official capacity as Clerk of the Board of County Commissioners of Dade County, Florida, of all monies or other things of value contributed to the campaign fund of the said T. A. Buchanan, the said report being false in that it did not list one Charles Robertson as having contributed, on November 7, 1963, the sum of Twenty-five Thousand Dollars ($25,000.00) to the campaign fund of the said T. A. Buchanan, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida.
“And RICHARD E. GERSTEIN, State Altorney of the Eleventh Judicial Circuit of Florida, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that T. A. BUCHANAN'on the 2nd day of December, 1963, in the County and State aforesaid, T. A. Buchanan, being then and there a candidate for election to the office of Sheriff of Dade County, Florida, did knowingly make, by and through his campaign treasurer, a false report to the Clerk of the Circuit Court of Dade County, Florida, who received same in his official capacity as Clerk of the Board of County Commissioners of Dade County, Florida, Of all -monies or other things of value contributed to the campaign fund of the said T. A. Buchanan, the said report being false in that it listed one Clyde Banks as having contributed the sum. of One Thousand Dollars ($1,000.00) to the campaign fund of the said T. A. Buchanan, when in truth and in fact the said Clyde Banks had not made the said campaign contribution, contrary to the form of the Statute in such cases made and provided and against the peace arid dignity of the State of Florida.”.
Counts four through nine of the information differ from count three only in the names,of the alleged contributors and in the amounts of the alleged campaign contributions.
The appellant has presented one point on appeal:
“WHETHER COUNTS TWO THROUGH NINE OF THE INFORMATION IN -QUESTION FAIL TO STATE CRIMES AGAINST THE LAWS OF THE STATE OF FLORIDA.”
As reasons for reversal, the State has urged three propositions. (1) The intent of the Legislature was to hold the candidate “responsible.” (2) The Legislature may provide, in an appropriate case, that a principal (the candidate) may be criminally liable for the acts of his agents. (3) Public policy requires that the candidate should be criminally responsible for knowingly mak *272 ing a false report by and through, his campaign treasurer.
We must first point out that the propositions urged by the State are too broad. Each of the general propositions may be decided in the affirmative, and the point presented may be decided in the negative. This is true because the real question on this appeal is not whether the- statute ought to provide that the candidate is criminally responsible for knowingly making a false report by and through the campaign treasurer, or whether the statute in its entirety makes the candidate criminally responsible. The sole question which this appellate court has the power to decide is whether the allegations, if proved, constitute a violation of the sections of the statute under which the State has charged the defendant. Therefore, the controlling question, when properly phrased, becomes: Does the violation of section 99.161(8) (a), Fla.Stat.196,3, F.S.A., by a candidate’s campaign treasurer subject the candidate to prosecution pursuant to sections 104.27(7), Fla.Stat.1963, F.S.A. We think that it does not for the reason hereafter set forth.
A principal is not ordinarily liable for the criminal acts of his agent. See 21 Am.Jur.2d, Criminal Law § 133. Nevertheless, the nature of a crime may be such that a principal or employer will be liable for the acts of his agents or employees, even though the violation was not known by the principal. See Meigs v. State, 94 Fla. 809, 114 So. 448 (1927); Dezarn v. Commonwealth, 195 Ky. 686, 243 S.W. 921 (1922).
In Meigs v. State, supra, it was held that a statute positively forbidding any person to have in his possession or to buy or sell salt water trout of less length than 12 inches authorized the conviction of a wholesale fish dealer where the fish were packed and ready for shipment at his place of business. It was pointed out that the statute positively forbade the act “irrespective of the intent of the wrongdoer.”
A reading of § 99.161(8) (c), above quoted, does not indicate that the Legislature intended to create an offense that was positively forbidden and to make the candidate responsible “irrespective of intent” or knowledge. The most that can be said is that the Legislature intended to make the candidate responsible for the accuracy of the report. This is quite different from making him criminally responsible for a new crime not clearly stated in the statute. The creation of a crime, not recognized at common law, by legislative enactment is within the power of the Legislature, but it is not within the purview of the judiciary. Therefore, the existence of the crime, which the State urges in this case, must clearly appear from the statute and may not be added by judicial interpretation. Bradley v. State, 79 Fla. 651, 84 So. 677, 10 A.L.R. 1129 (1920). There are many violations of which a candidate for election to a public office could be charged provided he commits the acts covered by the statute and is properly charged with those offenses. The information in this instance, that is to say counts two through nine, failed to charge any crime under the laws of the State of Florida.
Counts two through nine of the information seek to establish criminal penalties for perjury by the device of construction. The courts have consistently held that unless the charge comes clearly within the terms of the statute, it is not sufficient. It is not for the prosecution or the courts to construct a criminal offense not encompassed within the plain terms of the statute. The order appealed must be affirmed.
Affirmed.