## Commonwealth v. Long et al.

(Decided, Jan. 17, 1933.)

BAILEY P. WOOTTON, Attorney General, F. M. BURKE, Assistant Attorney General, JOHN T. KING, Commonwealth's Attorney, and W. H. SOUTHALL, County Attorney, for appellant.

LORENZO K. WOOD and W. O. SOYARS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

The appellees were indicted for the offense "of being accessories after the fact of grand larceny." While this indictment was pending, the principal was put on trial and acquitted. Thereupon the appellees, presenting that fact to the court, moved for a dismissal of this indictment against them. This motion the court sustained, and the commonwealth has appealed. The precise question of whether an accessory after the fact can be tried and convicted although the principal has theretofore been tried and acquitted seems not to have ever been determined up to this time by this court.

Section 1128 of the Statutes provides:

"In all felonies, accessories before the fact shall be liable to the same punishment as principals, and may be prosecuted jointly with principals, or severally though the principals be not taken or tried, unless otherwise provided in this chapter."

Section 1129, in so far as pertinent to the present controversy, provides:

"Accessories after the fact, not otherwise punished, shall be guilty of high misdemeanors, and fined and imprisoned at the discretion of the jury, and may be tried, though the principals be not taken or tried."

It will be noted that the statutory right to try accessories after the fact, "though the principals be not taken or tried," is expressed in the same language as is expressed the like right to try accessories before the fact, though the principal has not been taken or tried. It is conceded that whatever the rule may be in other

states. under like statutes, in this state an accessory before the fact may be tried and convicted even though the principal has been tried and acquitted. Thus in the case of Cummings v. Commonwealth, 221 Ky. 301, 298 S. W. 943, 948, it is said:

> "On this appellant can only be charged as an accessory before the fact, and, as all the alleged principals have been acquitted, it may be thought that he cannot now be put on trial. Such was the rule under the common law, but under section 1128, Ky. Statutes, the guilt of accessories before the fact does not depend upon the conviction of the principal, and, as different juries may reach different conclusions as to the guilt of the principal, it is no longer essential to prove the conviction of the principal on the trial of an accessory, though it is essential for the jury trying the latter to believe the principal to be guilty. [Citing cases.]"

It is difficult to understand why there should be any different construction of section 1129 of the Statutes than that given by this court to section 1128. Appellees in their able brief undertake to make the distinction on the ground that accessories before the fact are after all principals, and rely on the case of Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140. The point involved there, however, was, "Who is an accomplice." It has been definitely decided that an accessory before the fact is not a principal, although he is punishable as a principal. In the case of Able v. Commonwealth, 5 Bush, 698, there is an elaborate discussion of this question. It is there pointed out that a principal must be actually or constructively present at the commission of the offense, whereas an accessory must be absent at such time. That case held that where one had been indicted as a principal, he could not be convicted on proof which disclosed that he was an accessory before and after the fact. The reason for our rule in this state that the accessory before the fact may be punished although the principal has been tried and acquitted is that given in the quoted excerpt from the Cummings Case, and not as appellees contend, because accessories before the fact are after all principals. It is true, as appellees argue, that, in order to convict one as an accessory after the fact, it is necessary to prove the guilt.

of the principal. This is true, as pointed out in the Cummings Case, of accessories before the fact also. But the appellees go one step further and say that in the case of accessories after the fact the acquittal of the principal is res adjudicata as to the common-wealth, and hence it is unable with the judgment of acquittal of the principal staring it in the face to prove the guilt of the principal when the accessory after the fact is thereafter put on trial. Conceding arguendo the point that accessories are in such privity with the principal as to be able to invoke the principle of res adjudicata, we are yet met with the argument that a like contention could as justly be made with reference to accessories before the fact; but, as we have seen, that is not the rule. As pointed out in Roberson's New Kentucky Criminal Law and Procedure (2d Ed.) page 282, even though the principal has been convicted, it is yet always open to the alleged accessory after the fact to show positively that the principal was innocent. This being true, the conviction of the principal, not being res adjudicata as between the commonwealth and the accused, it ought to follow that a judgment of ac-quittal likewise should not be res adjudicata. What-ever the rule at common law may be, we are of opinion that in the light of the construction given to section 1128 of our Statutes, to the effect that an accessory before the fact may be tried and convicted though the principal has been tried and acquitted, an accessory after the fact may be so tried and convicted under section 1129 of the Statutes though the principal has been tried and acquitted, since there is no difference in the language of the two sections, and the reason of the rule where accessories before the fact are involved is just as applicable to accessories after the fact as it is to accessories before the fact. It follows that the judgment of the lower court is erroneous and must be reversed, with instructions to reinstate the indictment, and for further proceedings consistent herewith.