134 So.2d 213

**F. L. SHUTTLESWORTH**

v.

**CITY OF BIRMINGHAM.**

6 Div. 802.

Court of Appeals of Alabama.

May 30, 1961.

Rehearing Denied June 20, 1961.

Arthur D. Shores, Peter A. Hall, Orzell Billingsley, Jr., Oscar W. Adams, Jr., and J. Richmond Pearson, Birmingham, for appellant.

Watts E. Davis and Wm. C. Walker, Birmingham, for appellee.

Arthur D. Shores, Peter A. Hall, Orzell Billingsley, Jr., Oscar W. Adams, Jr., and J. Richmond Pearson, Birmingham, for appellant.

Watts E. Davis and Wm. C. Walker, Birmingham, for appellee.

CATES, Judge.

Appellant was convicted in the Circuit Court of Jefferson County of violating § 824 of the General City Code of Birmingham of 1944, which reads as follows:

"It shall be unlawful for any person to incite, or aid or abet in, the violation of any law or ordinance of the city, or any provision of state law, the violation of which is a misdemeanor."

The particular corollary crime of which he was accused of inciting others to commit is found in § 1436 of the City Code. This section makes it an offense to remain on the premises of another after a warning. See Gober v. City of Birmingham, ante, p. 313, 133 So.2d 697.

We can only consider one point raised by the assignments of error and the propositions of law and argument, i. e., the sufficiency of the evidence to show a violation of § 824, supra.

The statement of the case set forth in appellant's brief (which we are entitled to rely upon without regard to the record itself in civil cases) is that "Shuttlesworth asked for volunteers, and that there were some volunteers to take part in, 'sit-down' demonstrations"; Shuttlesworth promised to get them out of jail.

The appellant's argument on this point deliberately evades the effect of the word "incite" in the city ordinance, and deals solely with the joint responsibility of an aider and abetter. It is sufficient to answer this argument by a quotation from Jowitt's Dictionary of English Law, p. 953:

"Everyone who incites any person to commit a crime is guilty of a common law misdemeanour, even though the crime is not committed. If the crime is actually committed, he is an accessory before the fact in the case of felony, and equally guilty, in the case of treason or misdemeanour, with the person who commits the crime."

 A sit-down demonstration being a form of trespass after warning, denotes a violation of both State law and especially of § 1436 of the City Code, supra.

There is no question of the restriction of any right of free speech or other assimi-lated right derived from the Fourteenth Amendment, since the appellant counseled the college students not merely to ask service in a restaurant, but urged, convinced and arranged for them to remain on the premises presumably for an indefinite period of time. There is a great deal of analogy to the sit-down strikes in the automobile industry referred to in National Labor Relations Board v. Fansteel Metallurgical Corp., 306 U.S. 240, 59 S.Ct. 490, 83 L.Ed. 627.

As presented by the appellant's assignments of error and brief, the judgment below is due to be

Affirmed.

### On Rehearing

CATES, Judge.

The application for rehearing in this case is supported by a brief which contains two propositions of law, both of which are predicated on the appellant's having been convicted under § 1436 of the General City Code of Birmingham.

This appellant was convicted of inciting others to violate § 1436. The propositions accordingly have no bearing on the facts.

Application overruled.