# SHUTTLESWORTH ET AL. *v.* CITY OF BIRMINGHAM.

No. 67.  Argued November 6–7, 1962.—
Decided May 20, 1963.

*Constance · Baker Motley* argued the cause for petitioners.  With her on the brief were *Jack Greenberg, Arthur D. Shores, Peter A. Hall, Orzell Billingsley, Jr., Oscar W. Adams, Jr.* and *Leroy D. Clark.*

*Watts E. Davis* and *J. M. Breckenridge* argued the cause for respondent.  With *Mr. Davis* on the brief was *Earl McBee.*

*Solicitor General Cox,* by special leave of Court, argued the cause for the United States, as *amicus curiae,* urging reversal.  With him on the brief were *Assistant Attorney General Marshall, Ralph S. Spritzer, Louis F. Claiborne, Harold H. Greene, Howard·A. Glickstein* and *Richard K. Berg.*

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

The petitioners, both Negro ministers, were tried and convicted in the Birmingham, Alabama, Recorder's Court for aiding and abetting a violation of the city criminal trespass ordinance. The complaint filed with respect to Shuttlesworth charged:

> "Comes the City of Birmingham, Alabama, a municipal corporation, and complains that F. L. Shuttlesworth, within twelve months before the beginning of this prosecution, and within the City of Birmingham or the police jurisdiction thereof, did incite or aid or abet in the violation of an ordinance of the City, to-wit, Section 1436 [1] of the General City Code of Birmingham of 1944, in that F. L. Shuttlesworth did incite or aid or abet another person to go or remain on the premises of another after being warned not to do so, contrary to and in violation of Section 824 [2] of the General City Code of Birmingham of 1944." (Footnotes added.)

An identical complaint was filed charging Billups.

On appeal to the Circuit Court petitioners received a trial *de novo* and were again convicted. Petitioner Shuttlesworth was sentenced to 180 days in jail at hard labor

---

[1] Birmingham General City Code, 1944, § 1436, provides:

*"After Warning*—Any person who enters into the dwelling house, or goes or remains on the premises of another, after being warned not to do so, shall on conviction, be punished as provided in Section 4, provided, that this Section shall not apply to police officers in the discharge of official duties."

[2] Birmingham General City Code, 1944, § 824, provides:

"It shall be unlawful for any person to incite, or aid or abet in, the violation of any law or ordinance of the city, or any provision of state law, the violation of which is a misdemeanor."

and a fine of $100. Petitioner Billups was sentenced to 30 days and a fine of $25. On further appeal to the Alabama Court of Appeals the convictions were affirmed. 41 Ala. App. 318, 319, 134 So. 2d 213, 215. The Alabama Supreme Court denied writs of certiorari. 273 Ala. 704, 713, 134 So. 2d 214, 215. Because of the grave constitutional questions involved, we granted certiorari. 370 U. S. 934.

Though petitioners took separate appeals, they were jointly tried in the Circuit Court. The evidence is sketchy in character. Only one witness testified, a city detective who had listened to petitioners' trial in the Recorder's Court.[3] The detective testified to his recollection of the testimony of two college boys whom (among others) petitioners were alleged to have incited to commit the criminal trespass.

These two boys were James E. Gober and James Albert Davis. They were convicted of criminal trespass in a separate proceeding subsequent to petitioners' trial. In *Gober* v. *City of Birmingham, post,* p. 374, decided this day, we hold on the authority of *Peterson* v. *City of Greenville, ante,* p. 244, that the convictions of Gober and Davis are constitutionally invalid. The detective stated that in the Recorder's Court Gober and Davis had testified as follows:

James Gober and James Albert Davis, both Negro college students, went to the home of petitioner, Rev. Shuttlesworth, on March 30, 1960, where there were other college students. Petitioner, Rev. Billups, drove Davis there, and Billups was present when Shuttlesworth asked for volunteers to participate in "sit-down demonstrations." Gober "testified that in response to Rev. Shuttlesworth asking for volunteers to participate in the sit

---

[3] Petitioners objected to all of this testimony as hearsay and on constitutional grounds, but these objections were overruled.

down strikes that he volunteered to go to Pizitz at 10:30 and take part in the sit down demonstrations." A list was made by someone; and Shuttlesworth announced he would get them out of jail. Gober and Davis participated in sit-down demonstrations on the following day as did others who were present.

This is the sole evidence upon which the petitioners were convicted. There was no evidence that any of the demonstrations which resulted from the meeting were disorderly or otherwise in violation of law.

Petitioners contend that there is no evidence to show guilt of the charged offense. See *Garner* v. *Louisiana*, 368 U. S. 157; *Thompson* v. *Louisville*, 362 U. S. 199. We need not reach that question since there is a more compelling reason why these convictions cannot stand.

Petitioners were convicted for inciting, aiding, and abetting a violation of the city trespass ordinance. The trespass "violation" was that committed by the petitioners in *Gober* v. *City of Birmingham, post,* p. 374.[4] Since the convictions in *Gober* have been set aside, it follows that the present petitioners did not incite or aid and abet any crime, and that therefore their own convictions must be set aside.

It is generally recognized that there can be no conviction for aiding and abetting someone to do an innocent act. See, *e. g., Edwards* v. *United States*, 286 F. 2d 681 (C. A. 5th Cir. 1960); *Meredith* v. *United States*, 238 F. 2d 535 (C. A. 4th Cir. 1956); *Colosacco* v. *United States*, 196 F. 2d 165 (C. A. 10th Cir. 1952); *Karrell* v. *United States*, 181 F. 2d 981, 985 (C. A. 9th Cir. 1950); *Manning* v. *Biddle*, 14 F. 2d 518 (C. A. 8th Cir. 1926); *Kelley* v.

---

[4] The trial court stated, "[Y]ou have here the ten students and the Court thinks they were misused and misled into a violation of a City Ordinance and has so ruled." As we understand the record, these convictions were based upon the inciting of the 10 students who are the petitioners in *Gober*.

*Florida,* 79 Fla. 182, 83 So. 909 (1920); *Commonwealth* v.
*Long,* 246 Ky. 809, 811–812, 56 S. W. 2d 524, 525 (1933);
*Cummings* v. *Commonwealth,* 221 Ky. 301, 313, 298 S. W.
943, 948 (1927); *State* v. *St. Philip,* 169 La. 468, 471–472,
125 So. 451, 452 (1929); *State* v. *Haines,* 51 La. Ann. 731,
25 So. 372 (1899); *Wages* v. *State,* 210 Miss. 187, 190, 49
So. 2d 246, 248 (1950); *State* v. *Cushing,* 61 Nev. 132,
146, 120 P. 2d 208, 215 (1941); *State* v. *Hess,* 233 Wis. 4,
8–9, 288 N. W. 275, 277 (1939); cf. *Langham* v. *State,* 243
Ala. 564, 571, 11 So. 2d 131, 137 (1942).

*Reversed.*

[For opinion of Mr. Justice Harlan, see *ante,* p. 248.]