**UNITED STATES of America, Appellee,**

v.

**Martin COHEN, Defendant-Appellant.**

**No. 73, Docket 30993.**

United States Court of Appeals Second Circuit.

Argued Sept. 26, 1967.

Decided Dec. 19, 1967.

Certiorari Denied March 25, 1968.

See 88 S.Ct. 1197.

Stanley Hendricks, New York City, for appellant.

Robert L. Latchford, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, Jack Kaplan and Pierre N. Leval, Asst. U. S. Attys., New York City, on the brief), for appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge:

Martin Cohen (Cohen), defendant-appellant, appeals (1) from a judgment of conviction entered upon a jury verdict, and (2) from the denial of a motion for a new trial. The indictment had named Cohen and five co-defendants and had alleged a conspiracy count and twenty-two substantive counts. Prior to trial, the conspiracy count was dismissed and the five co-defendants pleaded guilty to various counts. The trial therefore pro-

ceeded against Cohen alone on counts 2 through 23.

In substance, counts 2 through 11 charged Cohen with giving money to Internal Revenue Service agents to influence their official acts (bribery), 18 U.S.C. Sec. 201, 62 Stat. 691 (Act of June 25, 1948); count 12 involved a 1963 payment to an agent in violation of the amended (1962) and presently effective bribery statute, 18 U.S.C. Sec. 201(b); count 13 charged the defendant with giving a gratuity or other payment not authorized by law to a public official in violation of 18 U.S.C. Sec. 201(f) with respect to the same 1963 payment; and counts 14 through 23 involved the same payments as alleged in counts 2 through 11 but as receipts by the agents of unlawful fees, 26 U.S.C. Sec. 7214(a) (2) and Cohen's participation therein under the aiding and abetting statute, 18 U.S.C. Sec. 2.

On the trial, the indicted agents who pleaded guilty all testified against Cohen; in defense, Cohen denied the charges. The jury convicted. Were the issue of veracity the only appellate question, immediate affirmance would be in order. However, the nature of the indictment counts and the jury's resolution thereof, namely, acquittal on counts 2 through 12 and conviction on counts 13 through 23 raise questions not only technical but which, as Cohen argues, may have so confused the jury that he was deprived of a fair trial. Without belittling Cohen's many appellate points, his primary contention would seem to be that the indictment divides the one offense, i. e., payment, into two offenses, payment by Cohen to the agents and receipt by the agents with Cohen the payor, thus aiding and abetting this offense. Cohen asks, in effect, how he could have been acquitted of the bribe payments and have been convicted of aiding and abetting the receiving of the same payment and giving a gratuity. Resolution of these questions requires an analysis of the essential elements of the respective statutes. In addition, consideration must be given to Cohen's argument that Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), is controling and requires reversal.

### The Statutes

Section 201, Title 18,[1] makes it a crime

---

1. 18 U.S.C. § 201 provided:
   "Offer to officer or other person.
   "Whoever promises, offers, or gives any money or thing of value, or makes or tenders any check, order, contract, undertaking, obligation, gratuity. or security for the payment of money or for the delivery or conveyance of anything of value, to any officer or employee or person acting for or on behalf of the United States, or any department or agency thereof, in any official function, under or by authority of any such department or agency or to any officer or person acting for or on behalf of either House of Congress, or of any committee of either House, or both Houses thereof, with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be fined not more than three times the amount of such money or value of such thing or imprisoned not more than three years, or both.
   "This section shall not apply to violations of section 212 of this title. (June 25, 1948, ch. 645, 62 Stat. 691.)"
   18 U.S.C. § 201(b) provides:
   "Bribery of public officials and witnesses
   "Whoever, directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent—
   "(1) to influence any official act; or
   "(2) to influence such public official or person who has been selected to be a public official to commit or aid in committing, or collude in, or

to give money to a person acting for any agency of the United States in any official function with intent to influence his decision.

Section 7214, Title 26,[2] on the other hand, merely makes it a crime for a revenue agent to receive compensation, except as by law prescribed, for the performance of any duty.

Section 2, Title 18,[3] would apply to Cohen's inducing or procuring the agents' commission of the crime of receiving.

Section 201(f), Title 18,[4] proscribes the giving of a gratuity or other payment not authorized by law to a public official for or because of any official act performed by that person.

Although it is not for the court to speculate as to the rationale used by the jury to acquit on the bribery counts and to convict on the aiding and abetting receiving counts, the differences in findings requisite to conviction are sufficiently clear. The aiding and abetting counts, unlike the bribery counts, require proof that the Internal Revenue Agent received a fee, not prescribed by law, for the performance of his duty.[5] The bribery counts, unlike the aiding and abetting counts, require proof of a specific corrupt intent to influence official action.[6] From a time standpoint alone, bribery requires that money be given or promised with the intent to influence an official's decision before that decision is

allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or

"(3) to induce such public official or such person who has been selected to be a public official to do or omit to do any act in violation of his lawful duty, or

\*   \*   \*   \*   \*

"Shall be fined not more than $20,000 or three times the monetary equivalent of the thing of value, whichever is greater, or imprisoned for not more than fifteen years, or both, and may be disqualified from holding any office of honor, trust, or profit under the United States. Added Pub.L. 87—849, § 1(a), Oct. 23, 1962, 76 Stat. 1119."

2. 26 U.S.C. § 7214 provides:

"Offenses by officers and employees of the United States.

"(a) Unlawful acts of revenue officers or agents.

"Any officer or employee of the United States acting in connection with any revenue law of the United States—

\*   \*   \*   \*   \*

"(2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty;

\*   \*   \*   \*   \*

"shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution."

3. 18 U.S.C. § 2 provides:

"Principals

"(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

"(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

4. 18 U.S.C. § 201(f) provides:

"Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official; or   \*   \*   \*."

5. See Shuttlesworth v. City of Birmingham, 373 U.S. 262, 83 S.Ct. 1130, 10 L. Ed.2d 335 (1968); United States v. Umans, 368 F.2d 725 (2 Cir. 1966), cert. dismissed, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (Nov. 6, 1967).

6. United States v. Umans, supra.

reached. The payments in this case were made after the favorable audit reports had been submitted to Cohen and signed by his taxpayer clients. The jury therefore might well have considered that the requisite evidence as to intent was lacking, but that the payments were in the Section 7214 category, and that Cohen enabled the auditors to receive illegal compensation for the performance of their duty because that performance met with his satisfaction, thereby violating 18 U.S.C. § 2.

Milanovich, supra, did not involve these two distinct situations. There the defendant was charged (1) with aiding and abetting stealing certain goods, and (2) with receiving the same stolen goods. The limitations of Milanovich were pointed out recently in United States v. Umans, 368 F.2d 725 (2 Cir., 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967), cert. dismissed, after argument, as improvidently granted, 389 U.S. 80, 88 S.Ct. 253, 19 L.Ed.2d 255 (Nov. 6, 1967). However, even if Milanovich applied, Cohen would have been entitled only to a charge that the jury could have found him guilty of one count or the other as to each transaction. And this is exactly what they did, so that no prejudice is shown.

Cohen also argues that he was acquitted of the bribery charge in count 12 and, therefore, should have been acquitted of giving a gratuity to a public official (count 13). This contention is without merit because the gratuity count, unlike bribery, requires no corrupt intent—it is a lesser form of bribery. See United States v. Umans, supra.

*Improper Joinder*

All of the crimes charged were of the same character. Rule 8 (F.R.Crim.Proc.) authorizes joinder of counts in such a situation. No objection to the joinder or motion for a severance was made, although defendant was represented by able trial counsel. Furthermore, the testimony admitted was properly admissible on the aiding and abetting counts.

*The Charge*

Quite apart from failure to take objections to, and absence of "plain error" in, the charge, Cohen's appellate points are not well taken. Cohen did have "the greatest stake in the outcome of the trial" and the trial court's charge as to possible motive on Cohen's part to fabricate was entirely proper, particularly when coupled with instructions that the jury could also accept Cohen's version of the facts if they chose to do so.

The other objections to the charge now raised on appeal—but as to which no trial objections were taken—involve:

(1) criminal intent under the gratuity count (similar charge approved in United States v. Irwin, 354 F.2d 192, 197 n. 3 (2 Cir., 1965);

(2) criminal intent under the aiding and abetting counts (somewhat similar situation in United States v. Umans, supra);

(3) inferences available to the jury from failure to call an available witness who may have had favorable information (see United States v. Comulada, 340 F.2d 449, 452 (2 Cir., 1965)); and

(4) the immateriality of the correctness of the tax returns of Cohen's clients.

Analysis of these objections justifies the conclusion that the trial court committed no reversible error.

*Improper Admission of Testimony*

The jury could have drawn an inference from Cohen's self-introduction to an auditor "as a friend of Gilbert Sherman" that he was to be considered *persona grata* to the auditor co-defendant. The auditor's elaboration of the meaning of this statement—that he "would probably get paid"—was hearsay. However, coupled with the other testimony, this answer does not constitute reversible error. Nor does the reference by the same auditor to the fact that he had stated to the government that there were other guilty accountants rise to this level. Testimony which also referred to other

audits in which bribes were given and to which no objection was taken, was properly admitted. See United States v. Bozza, 365 F.2d 206, 214 (2 Cir. 1966).

*Summation*

In context, the part of the government's summation in which the jury was told to acquit the defendant if they believed the government was party to a plot to convict an innocent man was proper. Cohen's claim that the prosecutor's personal belief in the credibility of the witness was expressed is unfounded.

We have considered other errors raised by Cohen but do not find that individually or collectively they constitute reversible error.

*The Motion for a New Trial*

The motion was properly denied. The taxpayer's knowledge or lack thereof of payments by Cohen to the auditors would not be exculpatory evidence.

Judgment affirmed.