**UNITED STATES of America, Plaintiff,**

v.

**Samantha D. LOPEZ and Ronald J. McIntosh, Defendants.**

**No. CR–86–1035 EFL.**

United States District Court,
N.D. California.

Feb. 17, 1987.

---

Mark Zanides, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Geoffrey A. Hansen, Asst. Fed. Public Defender, San Francisco, Cal., for Samantha D. Lopez.

Judd Iversen, San Francisco, Cal., for Ronald J. McIntosh.

## ORDER

LYNCH, District Judge.

This case involves the alleged escape of two federal prisoners. Defendant Ronald McIntosh disappeared on October 28, 1986, during an unescorted transfer from F.C.I. Pleasanton to the federal prison at Lompoc. He landed a helicopter in the Pleasanton recreation yard on November 5, 1986, and flew off with defendant Samantha Lopez. Federal authorities apprehended them ten days later in a Sacramento shopping mall where they were buying a set of wedding rings.

Defendant Lopez was charged with escape from federal custody, a violation of 18 U.S.C. section 751(a). McIntosh was indicted for air piracy, 49 U.S.C. § 1472(i), use of a weapon to commit a crime, 18 U.S.C. § 924(c), and aiding and abetting Lopez' escape, 18 U.S.C. § 752. Escape charges against him are pending in a separate case.

Defendants contend that they are both entitled to raise the defense of necessity/duress to their charges. To establish a necessity/duress defense in an escape from confinement prosecution, a defendant

must establish the existence of the following requirements: 1) that the threat and fear which the threat caused were immediate and involved death or serious bodily injury; 2) that the fear was well grounded, i.e., the escapee had a good faith belief in the imminence and severity of the threats and the belief was objectively reasonable; 3) that there was no reasonable opportunity to avoid or escape the threatened harm; and 4) that the defendant submitted to proper authorities after attaining a position of safety. *United States v. Bailey*, 444 U.S. 394, 410–13, 100 S.Ct. 624, 634–36, 62 L.Ed.2d 575 (1980); *United States v. Williams*, 791 F.2d 1383, 1388 (9th Cir. 1986); *United States v. Peltier*, 693 F.2d 96, 98 (9th Cir.1982).

The government has filed a motion *in limine* for an order precluding defendants from presenting such evidence to the jury. In response to the government's motion, each defendant has filed a written offer of proof *in camera*. By these offers of proof, defendants seek to establish the prima facie case required to be shown before defendants are entitled to an instruction on the defense of necessity/duress. *See Peltier*, 693 F.2d at 98. The parties agree that if Lopez makes a prima facie showing of each element of the necessity/duress defense, she will be entitled to an instruction on that defense.

The following issues are in dispute and are presently before the Court: 1) McIntosh's liability for aiding and abetting Lopez' escape if she is found not guilty by reason of necessity/duress; 2) the availability of necessity/duress as a separate defense to all of McIntosh's charges; and 3) the sufficiency of defendants' pretrial offers of proof.

I. *Aider and Abettor's Liability if the Principal is Acquitted by Reason of Necessity/Duress*

McIntosh requests the following jury instruction: "If you find defendant Samantha Lopez not guilty of escape because she acted under necessity/duress, then you must also find defendant McIntosh not guilty of aiding and abetting her alleged escape." The government contends that McIntosh can be convicted of aiding and abetting Lopez' escape even if Lopez succeeds on her necessity/duress defense.

The culpability of aiding and assisting escape under 18 U.S.C. section 752 is governed by the same principles as those of the general aiding and abetting statute, 18 U.S.C. § 2. *United States v. Castro*, 621 F.2d 127, 129 (5th Cir.1980). The general rule is that a defendant can be convicted of aiding and abetting even if the principal is not identified or convicted; however, an aider and abettor may not be held liable absent proof that a criminal offense was committed by a principal. "The fact that the principal need not be identified or convicted has never been thought to obviate the need for proof showing that an underlying crime was committed by someone." *United States v. Powell*, 806 F.2d 1421, 1424 (9th Cir.1986); *see also Shuttlesworth v. Birmingham*, 373 U.S. 262, 265, 83 S.Ct. 1130, 1132, 10 L.Ed.2d 335 (1963) (there can be no conviction for aiding and abetting someone to do an innocent act).

This Court must therefore determine whether Lopez committed a criminal offense if her necessity/duress defense succeeds. This determination requires an examination of the theoretical distinctions between two categories of defenses: justification and excuse. Lopez' alleged defense of necessity/duress must then be classified as either a justification or an excuse.

Justification defenses are those providing that, although the act was committed, it is not wrongful. For example, a forest fire is burning toward a town of 10,000 residents. An actor burns a field of corn located between the fire and the town in order to set up a firebreak. By setting fire to the field with the intent to destroy it, the actor satisfies all the elements of the crime of arson; however, he most likely will have a complete defense because his conduct is justified. Burning the field avoided a greater societal harm; therefore, the act is not a crime. *See* P. Robinson, *Criminal Law Defenses* § 24 (1984); Comment, *Necessity Defined: A New Role in the Criminal Defense System*, 29 UCLA L.Rev. 409, 413 (1981).

When a defense is categorized as an excuse, however, the result is that, although the act is wrongful, the actor will not be held accountable. "Where the actor is not blameworthy, for reasons of either incapacity or extreme pressure, there is not criminal liability." Comment, *supra* p. 4, at 414. Thus, an insane person who robs a bank will be excused from liability.

Simply stated, when a defendant prevails on a justification defense, no wrongful act occurred; the act itself becomes lawful. If a defendant succeeds on a defense classified as an excuse, a wrongful act occurred; however, no criminal liability is attached to the actor.

■ The classification of a defense as a justification or an excuse has an important effect on the liability of one who aids and abets the act. A third party has the right to assist an actor in a justified act. Therefore, a third party could not be held liable for aiding and abetting the arson described in the hypothetical above. In contrast, a sane getaway driver could be convicted of aiding and abetting an insane person's bank robbery. Excuses are always personal to the actor. *See* G. Fletcher, *Rethinking Criminal Law* § 10.1 (1978); P. Robinson, *supra* p. 4, § 37(a); Williams, *The Theory of Excuses*, Crim.L.Rev., Nov. 1982, at 732, 735; Comment, *supra* p. 4, at 414–15.

The defense of duress or coercion traditionally arises when a person unlawfully commands another to do an unlawful act using the threat of death or serious bodily injury. "The pertinent question is whether circumstances overwhelmed the actor's will so that the inability to make the 'correct' choice is excused." Comment, *supra* p. 4, at 430. The defense of duress/coercion is generally classified as an excuse. P. Robinson, *supra* p. 4, § 25; Comment, *supra* p. 4, at 431.

The defense of necessity may be raised in a situation in which the pressure of natural physical forces compels an actor to choose between two evils. The actor may choose to violate the literal terms of the law in order to avoid a greater harm. The defense of necessity is categorized as a justification. *United States v. Richardson*, 588 F.2d 1235, 1239 (9th Cir.1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); W. LaFave and A. Scott, *Criminal Law* § 50 (1972); Comment, *supra* p. 4, at 431.

In the context of prison escapes, the distinction between duress/coercion and necessity has been hopelessly blurred. In fact, courts seem to use the two terms interchangeably. *See United States v. Bailey*, 444 U.S. 394, 410, 100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980); *United States v. Bailey*, 585 F.2d 1087, 1096–98 (D.C.Cir. 1978), *rev'd on other grounds*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). The defense of duress/coercion does not precisely apply because no one has commanded the prisoner to escape. Additionally, "a prisoner who escapes because of intolerable conditions usually does not act in the panicked, overborne state associated with duress.... [P]risoners threatened with physical or sexual attack generally flee not in a blind, unthinking reaction, but because escape appears preferable to risking assault." Dolinko, *Intolerable Conditions as a Defense to Prison Escapes*, 26 UCLA L.Rev. 1126, 1167–68 (1979).

The defense of necessity technically does not arise in the prison escape situation because the threat in a necessity situation traditionally emanates from physical, not human, forces. Commentators have argued that this natural forces restriction serves no useful purpose and should be abandoned. *See* Gardner, *The Defense of Necessity and the Right to Escape From Prison—A Step Towards Incarceration Free From Sexual Assault*, 49 S.Cal.L. Rev. 110, 132 (1975); Dolinko, *supra*, at 1170–71.

■ This Court believes, however, that the defense asserted by Lopez, under the facts of this case, most nearly resembles necessity, which is a justification to the alleged crime. *See* Dolinko, *supra*, at 1167–82 (concluding that "the necessity paradigm more closely approximates the prison-escape situation"). In the present case, Lopez' claim is not that the alleged threats overwhelmed her will so that her

inability to make the "correct" choice should be excused. Instead, Lopez claims that she, in fact, did make the correct choice. She contends she violated the law to avoid the greater societal harm of being killed or seriously injured. The government agrees with this Court's conclusion that Lopez' defense is properly characterized as one of necessity. *See* Memorandum of United States Re: 1) Whether the Government Should be Permitted to Review Defendants' Responses to the Government's Motion *In Limine* and; 2) Whether Defendant McIntosh May Assert a Derivative Duress Defense at 15.

Accordingly, if the jury finds Lopez not guilty of escape by reason of her necessity defense, her criminal act will be justified. A justified action is not wrongful; therefore, the prerequisite to imposing liability on McIntosh as an aider and abettor will not be satisfied. No criminal offense will have been committed by a principal. *See* Dolinko, *supra* p. 7, at 1177 n. 279 (noting that if the defense to prison escapes is treated as a necessity defense, third parties would be free to assist the escapee without incurring legal liability). McIntosh is therefore entitled to his requested jury instruction.

## II. *Defendant McIntosh's Personal Necessity Defense*

In addition to defendant McIntosh's aforementioned "derivative" necessity defense to his aiding and abetting charge, which depends entirely on whether defendant Lopez' necessity defense prevails, McIntosh also claims that he is entitled to raise his own, independent necessity defense. Essentially, McIntosh argues for a jury instruction stating that should the jury find him criminally liable for any or all of the three charges, aiding and abetting an escape, air piracy, or use of a weapon to commit a crime, he nevertheless should be acquitted because he was justified in his

assistance of Lopez' escape from imminent death or serious bodily injury.

The Ninth Circuit recognizes that the defense of necessity is "available when a person is faced with a choice of two evils and then must decide whether to commit a crime or an alternative act that constitutes a greater evil." *United States v. Dorrell,* 758 F.2d 427, 430 (9th Cir.1985) (quoting *United States v. Contento-Pachon,* 723 F.2d 691, 695 (9th Cir.1984)). The defense requires a showing that the defendant "act[ed] to prevent 'an imminent harm which no available options could similarly prevent.'" *Dorrell,* 758 F.2d at 431 (quoting *United States v. Nolan,* 700 F.2d 479, 484 (9th Cir.1983). It is also clear that the necessity defense applies to a defendant who commits a crime in an effort to rescue or protect an unrelated third person or persons.[1] *United States v. Mowat,* 582 F.2d 1194, 1208 (9th Cir.1978); *see also Dorrell,* 758 F.2d at 431 (unlawful entry of U.S. military installation in an effort to save the world from nuclear war); *United States v. Richardson,* 588 F.2d 1235, 1239 (9th Cir.1978) (unlawfully transporting laetrile into the United States for cancer patients).

The Court has not found, nor have the parties cited, any case law setting forth the elements of a necessity defense specifically to charges of criminal acts undertaken in the aiding and abetting of a prison escape. The core elements of any necessity defense, however, are essentially those that make up the first three required showings in the necessity defense to a prison escape charge as enumerated above. Therefore, as to all three charges, McIntosh must show the following: 1) that the threats against Lopez were immediate and involved death or serious bodily injury; 2) that his fear for her safety was well grounded, i.e., he had a good faith belief in the imminence and severity of the threats

---

1. The general rule under a duress/coercion defense, as opposed to the necessity defense at issue here, appears to be that the third person at whom the threats are directed must be a family member. *Contento-Pachon,* 723 F.2d at 694. *But see United States v. Gordon,* 526 F.2d 406, 408 n. 1 (9th Cir.1975) (suggesting that in exceptional circumstances there might be a possibility of a defense of duress to others not related to the accused). Despite some confusion in the briefs, at oral argument both sides seemed to agree that the issue is whether McIntosh is entitled to a necessity defense.

against her and his belief was objectively reasonable; and 3) that there was no reasonable, legal alternative to violating the law. *Bailey*, 444 U.S. at 410, 100 S.Ct. at 634; *Dorrell*, 758 F.2d at 431. As to the aiding and abetting an escape charge, McIntosh, like Lopez in her necessity defense as the alleged principal in the escape, must also show that the escapee submitted to proper authorities after attaining a position of safety.[2]

### III. *Offers of Proof Required of Both Defendants and the Sufficiency of These Offers*

It is well settled that this Court can determine the admissibility of a proposed necessity defense by motions *in limine*. *Dorrell*, 758 F.2d at 430. "The sole question presented in such situations is whether the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense. If it is, then the trial court should exclude the defense and the evidence offered in support." *Id.* The offer of proof must be sufficient as to each element of the necessity defense.[3] *See Bailey*, 444 U.S. at 416, 100 S.Ct. at 638. Defendants Lopez and McIntosh have each submitted *in camera* an offer of proof on their proposed respective necessity defenses. The Court has reviewed both offers and is now prepared to rule summarily on the sufficiency of each, without a factual discussion in light of our *in camera* review.

As to defendant Lopez, the Court hereby finds that her proffered offer of proof is sufficient as a matter of law to entitle her to a jury instruction on the defense. This holding, however, is conditional upon a showing at trial that corresponds with her pretrial offer of proof on each element. If the evidence at trial on any one of the elements of Lopez' necessity defense is insufficient to sustain it even if believed, the Court will entertain a motion by the government to exclude any evidence supporting other elements of the defense. *Id.*

As to defendant McIntosh, the Court analyzed whether his offer of proof was sufficient as a matter of law to entitle him to three separate necessity instructions on each of the three charges against him. The Court hereby holds that his offer of proof is sufficient for an instruction on the aiding and abetting an escape charge, subject to the same condition of a proper showing at trial applicable to Lopez.[4]

■ The Court finds, however, that McIntosh's offer is insufficient as a matter of law as to the air piracy and use of a gun to commit a crime charges. In response to these charges, McIntosh makes no showing, as he must, that there was no reasonable, legal alternative to violating both or either of these two laws.[5] *Bailey*, 444 U.S.

2. In his brief, McIntosh argued that this last element, submitting to proper authorities, does not apply to his necessity defense because the element has only been required of principals charged with escape. Given the fact that the underlying crime of escape is a continuing offense, *Bailey*, 444 U.S. at 413, 100 S.Ct. at 636, and that under the facts of this case the alleged aider and abettor was with the alleged escapee throughout her absence from confinement, we hold that he too must meet this last element in order to sustain a necessity defense to the aiding and abetting charge. At oral argument, McIntosh's counsel expressed an apparent change of position from that in his brief, agreeing with this Court's then tentative holding.

3. The Court recognizes that the offer of proof required on the fourth element of the necessity defense to a charge of prison escape requires some showing of "a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force."

*Bailey*, 444 U.S. at 413, 100 S.Ct. at 636. The Supreme Court has cautioned that "[v]ague and necessarily self-serving statements of defendants or witnesses as to future good intentions or ambiguous conduct simply do not support a finding of this element of the defense." *Bailey*, 444 U.S. at 415, 100 S.Ct. at 637 (footnote omitted).

4. Of course, given the Court's holding in the first part of this order, the jury will only reach the question of whether McIntosh was justified in aiding and abetting Lopez' alleged escape if the jury first finds that Lopez was not justified in her escape. As explained above, if the jury finds Lopez not guilty of escape by reason of her necessity defense, the government as a matter of law cannot prove an aiding and abetting charge against McIntosh.

5. We do not intend to suggest that committing either or both crimes of air piracy and using a weapon to commit a crime could never be justi-

at 410, 100 S.Ct. at 634; *Dorrell,* 758 F.2d at 431. Because his offer is insufficient on this third required element, he is not entitled to argue necessity as a defense to these charges. *Bailey,* 444 U.S. at 416, 100 S.Ct. at 638.[6]

IT IS SO ORDERED.

fied in light of the imminence and severity of a real threat to life or limb. The courts have long recognized, however, that one is not justified in committing a crime under such circumstances unless, given the imminence of the threat, there was no reasonable, legal alternative. *See Bailey,* 444 U.S. at 410–11, 100 S.Ct. at 634–35. Under this third element of the necessity defense, McIntosh has made at least the minimal showing as to why there was no reasonable, legal alternative to aiding and abetting Lopez' escape. The offer of proof is silent, however, on any showing that there was no reasonable, legal alternative to air piracy and the use of a weapon to commit a crime.

**6.** This case was tried after this order was issued. At the close of defendants' evidence, the Court ruled that, because he introduced evidence that was not contained in his offer of proof on the issue of the existence of a reasonable, legal alternative, defendant McIntosh was also entitled to the necessity defense for the charges of air piracy and use of a weapon to commit a crime. Specifically, McIntosh demonstrated that he did not have a valid pilot's license at the time of the incident. Therefore, he could not have rented a helicopter himself. Additionally, McIntosh introduced evidence showing that security around the perimeter of the prison had been increased at the time of the incident so that it would have been impossible for McIntosh simply to cut the fence to allow Lopez to escape. The Court requested the government to suggest a reasonable, legal alternative to air piracy or committing a crime with a weapon; however, the government was unable to do so. Accordingly, the jury was instructed that the necessity defense was applicable to all charges against both defendants. The jury found the defendants guilty of all charges.