**UNITED STATES of America, Appellee,**

v.

**James E. PRINCE, Jr., Appellant.**

**No. 14409.**

United States Court of Appeals, Fourth Circuit.

Argued July 23, 1970.

Decided July 30, 1970.

---

* Honorable William M. Byrne, United States Senior District Judge for the Central District of California, sitting by designation.

the offense was in fact committed by someone." See also Shuttlesworth v. City of Birmingham, 373 U.S. 262, 265, 83 S.Ct. 1130, 10 L.Ed.2d 335 (1963). Here, since it has been established that the act constituting the offense was not committed, Prince's conviction as an aider and abettor must be set aside.

The judgment is reversed, and this case is remanded to the district court for entry of final judgment of acquittal.

William T. Prince, Norfolk, Va. (Williams, Worrell, Kelly & Worthington, Norfolk, Va., on the brief) for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty. for the Eastern District of Virginia, on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, and BUTZNER, Circuit Judges.

## PER CURIAM:

James E. Prince appeals his conviction of aiding and abetting a hunting companion in taking a rail bird from a boat while the boat was being powered by a motor, in violation of 16 U.S.C. § 703 and 50 C.F.R. 10.3(b) (4). The evidence in Prince's trial before the United States Commissioner disclosed that while Prince operated the motor, his companion, standing in the bow, shot a rail bird. Prince, convicted by the Commissioner, appealed to the district court, which upheld the finding of guilt. This appeal followed.

While Prince's appeal was pending, his hunting companion was tried as a principal in the United States District Court and acquitted. His acquittal established that no crime had been committed.

Since only the two men were in the boat, Prince could have been aiding and abetting no other person. In Meredith v. United States, 238 F.2d 535, 542 (4th Cir. 1956), in considering the guilt of an aider and abettor, we said, "It need only be established that the act constituting