# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William Mark Johnson,**
**Petitioner Below, Petitioner**

**FILED**

September 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)    No. 13-1006** (Preston County 02-C-42)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Mark Johnson, by counsel D. Adrian Hoosier, II, appeals the Circuit Court of Preston County's order entered August 7, 2013, denying his petition for writ of habeas corpus. Warden David Ballard, by counsel Julie Warren, filed a response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1988, petitioner was charged in the kidnapping and rape of a thirteen-year-old girl. He and his brother were co-defendants. Petitioner was convicted of one count of kidnapping, one count of aiding and abetting first degree sexual abuse, three counts of aiding and abetting first degree sexual assault, and one count of first degree sexual assault. Petitioner was sentenced to sixty-one to one hundred and five years of incarceration. Petitioner's first parole hearing is scheduled for January 11, 2059.

Petitioner appealed his case to this Court in November of 1989, and the petition was refused by order dated January 9, 1990. In 1992, petitioner filed a petition for writ of habeas corpus alleging twenty-three assignments of error. Petitioner was represented at the time by Attorney Howard Higgins. This petition was denied. Petitioner filed a second petition for writ of habeas corpus following this Court's decision in *In the Matter of an Investigation of West Virginia State Police Crime Laboratory, Serology Division (Zain I)*, 190 W.Va. 321, 438 S.E.2d 501 (1993), which was denied. In 1998, this Court refused petitions for appeal in both cases. Petitioner then filed a third habeas petition in 2002, and a fourth in 2007. Those two petitions were consolidated by the circuit court, and, following an evidentiary hearing, both were denied

1

on December 10, 2010. For purposes of appeal, the order denying the petitions was reissued on January 7, 2011.

Petitioner appealed the denial to this Court in 2011, arguing in part that prior habeas counsel was ineffective. The case was remanded by memorandum decision on November 20, 2012, due to the circuit court's failure to make findings of fact and conclusions of law addressing the allegations of ineffective assistance of counsel of Attorney Higgins, petitioner's prior habeas counsel. On December 17, 2012, petitioner filed a motion for new hearing to submit additional evidence following this Court's partial remand and issuance of new case law. Petitioner argued that counsel was ineffective based on two decisions of the Supreme Court of the United States, issued in 2012, for his failure to convey all plea bargain offers. Petitioner also filed a pro se motion to reduce his sentence on January 7, 2013.

The court held a hearing on May 17, 2013, regarding the claims of ineffective assistance of counsel. On August 7, 2013, the circuit court entered an order denying petitioner's petition for writ of habeas corpus. The court detailed each allegation of ineffective assistance and found that counsel was not ineffective. Specifically, prior habeas counsel was found not to be ineffective in grand jury proceedings; in not raising that trial counsel was not prepared to cross-examine the State's expert; in failing to raise the issue that petitioner's co-defendant was acquitted for criminal acts petitioner was accused of aiding and abetting in; in not addressing that petitioner's sentence was harsher than that of his brother; that counsel did address statements made by the prosecutor; in failing to raise the ground that the same trial prosecutor was present when Zain testified differently at the co-defendant's trial; in failing to raise the issue of the court's denial of a continuance; and, in failing to raise the issue that trial counsel failed to convey all plea offers.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). *See also Ballard v. Ferguson*, 232 W.Va. 196, __, 751 S.E.2d 716, 719 (2013) ("Findings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." (quoting Syl. pt. 1, *State ex rel. Postelwaite v. Bechtold*, 158 W.Va. 479, 212 S.E.2d 69 (1975)).

Petitioner argues two assignments of error on appeal. First, he argues that the habeas court erred in failing to find that prior habeas counsel, Howard Higgins, was ineffective. Petitioner argues that Attorney Higgins failed to address issues with the grand jury proceedings, including that the entire body of the grand jury did not vote on the indictment and that the

evidence was insufficient to support a charge of first degree sexual assault. Specifically, he argues that there was no evidence of "serious bodily injury" to the victim as required by West Virginia Code § 61-8B-3.

Petitioner's second assignment of error is that the habeas court erred in denying the petition for writ of habeas corpus despite overwhelming evidence of petitioner's actual innocence. He argues that he was convicted of aiding and abetting an offense later determined in his co-defendant's trial not to have occurred. Therefore, he asserts his innocence with regard to this count.

Having reviewed the circuit court's "Order Denying Petitioner's Writ of Habeas Corpus" entered on August 7, 2013, we find that the court did not err in finding that counsel was not ineffective, as there was no evidence in the record on appeal showing that the entire grand jury failed to vote. Further, the evidence before the grand jury was sufficient, as proven by the fact that petitioner was later found guilty of first degree sexual assault by a jury. As to the second assignment of error, the lower court describes in detail how petitioner was properly convicted of aiding and abetting criminal acts for which his brother, the principal, was later acquitted. We hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

WILLIAM MARK JOHNSON,
Petitioner,

v.
//Consolidated Civil Action No. 02-C-42
Honorable Lawrance S. Miller, Jr.

DAVID BALLARD, WARDEN,
MT. OLIVE CORRECTIONAL COMPLEX,
Respondent.

ORDER DENYING PETITIONER'S WRIT OF HABEAS CORPUS

On December 10, 2010, the Court entered an Order Denying Petition for Habeas Corpus in Civil Actions Nos. 02-C-42 and 07-C-256. The Order Denying Petition for Habeas Corpus was reissued on January 7, 2011, for the purpose of allowing counsel additional time to file the Notice of Intent to Appeal with the Supreme Court of Appeals in accordance with the new rules. (*See* Order, Jan. 7, 2011.)

Petitioner William Johnson, by counsel Melissa Giggenbach, alleged six assignments of error on appeal to the Supreme Court of Appeals. (Notice of Intent to Appeal, Extra Sheets 1-2.) The sixth assignment of error stated, "The Habeas court erred in never ruling on the allegation of ineffective assistance of prior habeas counsel, Howard Higgens [sic]. Testimony was given on this charge during the Omnibus hearing for 02-C-42 and 07-C-256." (*Id.*)

The Supreme Court of Appeals of West Virginia found the Circuit Court did not err regarding the first five assignments of error. Regarding the sixth assignment of error, the Supreme Court of Appeals stated:

> Petitioner's final assignment of error is that the circuit court erred in failing to make findings of fact and conclusions of law addressing his allegations of ineffective assistance of his first habeas counsel Mr. Higgins. Notwithstanding the circuit court's extensive analysis of the other assignments of error, petitioner is correct that the order does not contain findings in this regard. This appears to have been a mere oversight by the circuit court. This Court remands the case to

1

the circuit court for findings and conclusions in accordance with Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings on the claim of ineffective assistance of first habeas counsel.

*Johnson v. Ballard, Warden*, No. 11-0209 (Nov. 20, 2012) (memorandum decision).

Accordingly, the issue before the Court is whether first habeas counsel, Howard Higgins, was ineffective. The Supreme Court of Appeals has directed this Court to make findings of fact and conclusions of law in accordance with Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings.

On December 17, 2012, Petitioner, through counsel Melissa Giggenbach, filed a Motion for New Hearing to Submit Additional Evidence Following Partial Remand and New Case Law on December 17, 2012. Petitioner alleges ineffective assistance of counsel under the authority of two decisions issued by the Supreme Court of the United States in 2012 for failure to convey all plea bargain offers. Petitioner Johnson also filed a *pro se* Motion to Reduce Sentence on January 7, 2013.

This Court set a hearing on both motions for January 25, 2013. Following the January 25 hearing, this Court held an evidentiary hearing on May 17, 2013. Petitioner Johnson called trial counsel David Brown as a witness. Petitioner Johnson also testified. At the conclusion of the hearing, the Court took the matter under advisement and asked for proposed findings of fact and conclusions of law. Petitioner Johnson filed *pro se* findings of fact and conclusions of law on his Rule 35(b) motion on June 12, 2013. Petitioner Johnson through counsel filed proposed findings of fact and conclusions of law on July 1, 2013. The Warden did not file any proposed findings of fact and conclusions of law.

2

# FACTUAL AND PROCEDURAL HISTORY

William Mark Johnson ("Petitioner") was indicted in the June 1988 Term by the Preston County Grand Jury, along with his brother and co-defendant, Elwood Johnson, in Felony Case No. 88-F-32. Petitioner was tried separately by a petit jury and found guilty on November 17, 1988, of the following six felony counts:

1. Kidnapping, with mercy;
2. Aiding and Abetting to one count of First Degree Sexual Abuse;
3. Aiding and Abetting to three counts of First Degree Sexual Assault;
4. One count of First Degree Sexual Assault.

Petitioner was found not guilty of the remaining eight counts in the indictment. (Dec. 10, 2010 Order Denying Petition for Habeas Corpus at 1.)

Trial Judge Robert C. Halbritter sentenced Petitioner Johnson on November 28, 1988, as follows:

1. Kidnapping – remainder of his life with mercy;
2. Aiding and Abetting First Degree Sexual Abuse – one to five (1 to 5) years to run consecutive;
3. Aiding and Abetting First Degree Sexual Assault – fifteen to twenty-five (15 to 25) years each for three counts to run consecutive;
4. First Degree Sexual Assault – fifteen to twenty-five (15 to 25) years to run consecutive; and
5. Aiding and Abetting First Degree Sexual Assault – fifteen to twenty-five (15 to 25) years to run consecutive.

(*Id.* 2.) The Department of Corrections website indicates that Petitioner's next parole hearing is scheduled for January 11, 2059.

Petitioner filed a direct appeal to the Supreme Court of Appeals in November 1989, which the Supreme Court declined to hear by Order dated January 9, 1990. The Circuit Court appointed Howard G. Higgins, Jr., as counsel for Petitioner's first petition for habeas corpus. Petitioner filed his first habeas petition on April 10, 1992, under Civil Action No. 90-C-361,

3

which listed 23 grounds for relief. The Court denied the petition by Order entered February 20, 1997.

Petitioner, *pro se*, filed a second petition for writ of habeas corpus on December 15, 1993. The Court appointed Attorney James F. Sigwart II to represent Petitioner on the second habeas petition. This habeas petition alleged constitutional violations stemming from the testimony of State Police Serologist Fred Zain in the underlying trial, due to the presumed taint of his testimony in accordance with the West Virginia Supreme Court's opinion in *In the Matter of an Investigation of the West Virginia State Police Crime Laboratory, Serology Division* ("*Zain I*"), 190 W. Va. 321, 438 S.E.2d 501 (1993). The Zain habeas petition was denied by Order entered November 29, 1995.

Both the order denying the first habeas petition and the order denying the Zain habeas petition were appealed by Attorney Lawrence Fraley III on January 7, 1998. The Supreme Court refused to hear both petitions by Orders dated June 4, 1998, and July 15, 1998.

Petitioner filed a third Petition for Writ of Habeas Corpus on March 20, 2002, under Civil Action No. 02-C-42. The Court appointed the Preston County Public Defender Corporation as counsel for the third habeas petition. After the appointment of the Preston County PDC, Petitioner filed a Supplemental Petition for Writ of Habeas Corpus on August 4, 2003. On February 21, 2006, Attorney Sally Collins of the Preston County PDC filed an Amended Petition for a Writ of Habeas Corpus with a *Losh v. McKenzie* Checklist. The Court dismissed the petition by Opinion Letter filed July 20, 2006, with the sole exception of Petitioner's claim of ineffective assistance of prior habeas counsel. (Opinion Letter at 12, July 20, 2006.) In the July 20, 2006 Opinion Letter, the Court found that all of the serology and/or

4

Zain issues were previously and finally adjudicated in Judge Halbritter's August 24, 1995 Opinion stemming from the second (Zain) habeas petition. (*Id.* at 7.)

An Omnibus Hearing was conducted on May 11, 2007, and again on May 31, 2007. The Court took the matter under advisement, and subsequently ruled that Zain habeas counsel Sigwart was deficient under the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984), and that Petitioner was entitled to the raw data from the crime lab, independent review of that data, and DNA testing. (Order Granting Relief for Writ of Habeas Corpus Following Omnibus Hearing and Setting Status Hearing at 4, Nov. 15, 2007.) The Court denied Petitioner's request for release from imprisonment "pending the results of review of data and DNA testing and a new Zain hearing." (*Id.*)

Petitioner filed a Notice of Intent to Appeal on December 17, 2007, in which Petitioner stated, "[T]he Order granting partial relief that was entered November 15, 2007, did not grant relief in regard to the Petitioner's other grounds and for ineffective assistance of counsel in the first habeas filed under 90-C-361." (Notice of Intent to Appeal at 2, Dec. 17, 2007.) There is no evidence in the record that Petitioner followed through with his intention to appeal the ruling of the Court.

During the pendency of the review of data and DNA testing,[1] Petitioner filed, *pro se*, a fourth petition for writ of habeas corpus on November 5, 2007. In the *pro se* petition, Petitioner

---

[1] The testing was never done. Petitioner's counsel, Sally Collins, stated at the October 15, 2010 omnibus hearing:

> Your Honor, I was just checking with my client. I do recall at the last status hearing or scheduling conference you asked me about that or, no, I think it was a phone conference, and I had told you that I had not gone ahead with the DNA testing and you had suggested that perhaps I should withdraw the motion. I am at this time withdrawing the motion. I wanted to make sure that my client was present and agreed with that because that is giving up a right that we fought very hard for.

(Hr'g Tr. 13, Oct. 15, 2010.)

5

alleges that he is actually innocent because he was convicted of aiding and abetting an offense that was later determined (in Elwood Johnson's trial) to have not occurred. (Nov. 5, 2007 Pet. for Writ of Habeas Corpus 19-21.) He does not allege that Howard Higgins was ineffective for not raising the issue in the first habeas petition. By order entered November 9, 2007, the Court consolidated the fourth petition with the third petition in Cases No. 02-C-42 and 07-C-256.

An omnibus hearing was conducted on October 15, 2010, in which most of the testimony involved the use of Fred Zain's trial testimony. However, Petitioner's attorney Sally Collins stated that there were loose ends relating to the ineffective assistance of first habeas counsel Howard Higgins:

> MS. COLLINS: I have one other issue if I might address that now.
>
> In the May 11th and 31st, 2007, hearings, that hearing was on ineffective assistance of counsel of prior habeas counsel. There were two prior habeas counsel. The one Sigwart, Tim Sigwart, for the Zain, and Howard Higgins, who was habeas counsel for the first habeas filed in 1990.
>
> On findings of fact and conclusions of law that were submitted back there about half of the points in the petitioner's proposed findings of fact and conclusions of law had to do with testimony and evidence that Howard Higgins had rendered ineffective assistance of counsel. And I have really read the opinion letter very carefully and also the order, and I, of course, did the order directly from the opinion letter, and I don't see where the court ever ruled one way or the other on the issue of whether Howard Higgins was ineffective as counsel in the 1990 original habeas petition.
>
> So I'm asking, I'm not submitting any new evidence on that at all, but if the court is going to do a comprehensive order that would sort of tie up loose ends so that this...
>
> THE COURT: The court's intent was that it only ruled with respect to Attorney Sigwart, found Attorney Sigwart was ineffective.
>
> MS. COLLINS: Okay. I just needed a clarification on that. I just looked and there was nothing specific on that.

(Hr'g Tr. 52-53, Oct. 15, 2010.)

6

After the Supreme Court remanded this case to the Circuit Court for findings of fact and conclusions of law on the claim of ineffective assistance of first habeas counsel Higgins, Petitioner, through counsel Melissa Giggenbach, filed a Motion for New Hearing to Submit Additional Evidence Following Partial Remand and New Case Law on December 17, 2012. Petitioner Johnson filed a *pro se* Motion to Reduce Sentence on January 7, 2013. This Court set a hearing on both motions for January 25, 2013. This Court held an evidentiary hearing on May 17, 2013.

## STANDARD OF REVIEW

West Virginia Code § 53-4A-1 (1967) provides for post-conviction habeas corpus relief for "[a]ny person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both . . . ." W. Va. Code Ann. § 53-4A-1(a) (LexisNexis 2008). The contentions and the grounds in fact or law must "have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence." *Id.*

The Supreme Court of Appeals has held that West Virginia Code § 53-4A-1 *et seq.*, "contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated." *Losh v. McKenzie*, 166 W. Va. 762, 764, 277 S.E.2d 606, 609 (1981).

7

After the petitioner has been afforded an omnibus habeas corpus hearing, "subsequent habeas corpus petitions will be summarily denied unless they address one of the narrow exceptions." 166 W. Va. at 768, 277 S.E.2d at 611. Among those narrow exceptions is "ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" *Id.*

The law in West Virginia regarding ineffective assistance of counsel requires the application of the two-pronged test as announced by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984) and by the State Supreme Court in *State v. Miller*, 194 W. Va. 3, 15, 459 S.E.2d 114, 126 (1995).

> *Strickland* requires the defendant to prove two things: (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." When assessing whether counsel's performance was deficient, [a court] "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" To demonstrate prejudice, a defendant must prove there is a "reasonable probability" that, absent the errors, the jury would have reached a different result.

*State v. Miller*, 194 W. Va. 3, 15, 459 S.E.2d 114, 126 (1995) (internal citations omitted). The *Miller* Court, by Justice Cleckley, cautioned courts from judging counsel's performance through hindsight, 194 W. Va. at 17, 459 S.E.2d at 128, and instead ask "whether a reasonable lawyer would have acted, under the circumstances, as [habeas] counsel acted in the case at issue." 194 W. Va. at 16, 459 S.E.2d at 127.

Finally, Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia states:

> The Court shall draft a comprehensive order including: (1) findings as to whether a state and/or federal right was presented in each ground raised in the petition; (2) findings of fact and conclusions of law addressing each ground raised in the petition; (3) specific findings as to whether the petitioner was advised concerning his obligation to raise all grounds for post conviction relief in

8

one proceeding; and (4) if the petitioner appeared pro se, specific findings as to whether the petitioner knowingly and intelligently waived his right to counsel.

## OPINION

Although Petitioner has filed *pro se* petitions for writs of habeas corpus, he has been represented by counsel at each stage in these proceedings. Therefore, at the outset, it is not necessary to determine whether he knowingly and intelligently waived his right to counsel. Further, Petitioner has been advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding. On June 10, 2002, the Court entered an Order Appointing Counsel, in which the Public Defender Corporation was appointed to represent Petitioner in Civil Action No. 02-C-42. On February 21, 2006, a Checklist of Grounds for Post Conviction Habeas Corpus Relief was entered into the court file, which indicates that Petitioner Johnson signed that he was advised by his attorney that he should raise each and every ground which he felt may entitle him to habeas corpus relief. Further, Petitioner's counsel, Sally Collins, signed the checklist indicating she had examined the records, interviewed the Petitioner, and Petitioner desired to raise none of the grounds which he had initialed.

Petitioner alleges the following grounds which he believes entitles him to habeas corpus relief resulting from the alleged ineffective assistance of first habeas counsel Howard Higgins:[2]

### A. Issues with Grand Jury Procedures

"All prior counsel failed to properly raise the issues of challenges to the grand jury procedures." (Am. Pet. at 12, Civil Action No. 02-C-42.) Petitioner alleges that his indictment is void due to the prejudicial effect on the grand jury of the introduction of Zain's test results through Officer Stiles. (*Id.*) Petitioner also alleges that Officer Stiles's testimony was

---

[2] Petitioner's use of the phrase "all prior counsel," "all counsel subsequent to his trial counsel," and "habeas counsel" necessarily includes his first habeas counsel Higgins. Therefore, this Order addresses these claims even though several regard "Zain" issues which have all been finally adjudicated on the merits.

9

intentionally fraudulent. (*Id.* 12-13.) Petitioner further alleges that no evidence was introduced to the grand jury supporting a charge of first degree sexual assault, i.e. that a weapon was used or that the victim was 11 years old or less. (*Id.* at 13.)

To the extent that Petitioner alleges ineffective assistance of counsel based on the use of Zain's test results by the prosecutor or Officer Stiles, the Court denies the petition because all Zain issues were resolved in the Zain Habeas and further denied in the Court's Opinion Letter dated December 10, 2010 (which was affirmed by the Supreme Court of Appeals of West Virginia by Memorandum Decision, Nov. 20, 2012).

Petitioner alleges that no evidence was introduced that a weapon was used or that the victim was less than 11 years of age, therefore the evidence did not support the charge of first degree sexual assault. First, the first degree sexual assault statute in 1988 also included as an element that the "infliction of bodily injury upon anyone" could raise the crime to that of first degree sexual assault. *See* W. Va. Code § 61-8B-3(a)(i) (1984) (current version at W. Va. Code § 61-8B-3 (2006)). Second, "[g]enerally speaking, the finding by the grand jury that the evidence is sufficient is not subject to judicial review." *State v. Adams*, 193 W. Va. 277, 284, 456 S.E.2d 4, 11 (1995) (quoting I Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* Grand Jury and Indictments I-651 (2d ed. 1993)). "[A] defendant may not challenge a facially valid indictment returned by a legally constituted grand jury on the basis that the evidence presented to the grand jury was legally insufficient." *State v. Adams*, 193 W. Va. at 284, 456 S.E.2d at 11.

The Court finds that first habeas counsel Higgins was not ineffective under the first prong of *Strickland* and *Miller* because Higgins performance was not deficient under an objective standard of reasonableness. *See Miller*, 194 W. Va. 3, 15, 459 S.E.2d 114, 126

10

(1995). Counsel's performance cannot be considered deficient because the indictment was not reviewable in the first instance for sufficiency of the evidence in the grand jury proceeding.

**B. Petitioner has not proven by a preponderance of the evidence that habeas counsel Higgins was ineffective for not raising that trial counsel was not prepared to cross-examine the State's expert witnesses.**

Petitioner alleges that "[s]ubsequent counsel in the Habeas and appeals" failed to raise the issue that trial counsel was not prepared to cross-examine the State's expert witnesses from the State Police Laboratory. Petitioner alleges that scientific evidence was available to refute the reliability of hair comparison analysis, and trial counsel did not move for approval of expert consultation or expert testimony of his own in regard to the scientific test results. (Am. Pet. at 13.)

Petitioner has presented no evidence to substantiate his assertion that scientific evidence was available. "One who charges on appeal that his trial counsel was ineffective and that such resulted in his conviction[] must prove the allegation by a preponderance of the evidence." Syl. pt. 2, *Carrico v. Griffith*, 165 W. Va. 812, 272 S.E.2d 235 (1980); syl. pt. 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). Because Petitioner has presented no evidence to this Court beyond a bald conclusion that there was scientific evidence available, he has failed to prove this allegation by a preponderance of the evidence.

**C. Habeas counsel Higgins was not ineffective for failing to raise the issue that Petitioner Johnson was convicted of aiding and abetting criminal acts for which his brother, the principal, was later acquitted.**

Petitioner Johnson alleges that "all counsel subsequent to his trial counsel failed to recognize and raise the issue that his convictions as aider and abettor to first degree sexual assault were voided because . . . the principal actor[] was acquitted of the[] charges of first degree sexual assault." (Am. Pet. at 13.) On January 7, 2013, the Petitioner also filed a *pro se*

11

Motion to Reduce Sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The *pro se* Motion was filed within 120 days of the mandate of the West Virginia Supreme Court affirming in part this Court's denial of habeas relief but remanding the case for findings of fact and conclusions of law on first habeas counsel Howard Higgins. Procedurally, a Rule 35(b) motion to reduce a sentence may only be used to reduce a sentence

> within 120 days after the sentence is imposed or probation invoked, or within
> 120 days after the entry of a mandate by the supreme court of appeals upon
> affirmance of a judgment of a conviction or probation revocation or the entry of
> an order by the supreme court of appeals dismissing or rejecting a petition for
> appeal of a judgment of a conviction or probation revocation.

W. Va. R. Crim. P. 35(b). This Court cannot consider a reduction of sentence after an unsuccessful habeas corpus petition. "A petitioner is not entitled to application of Rule 35(b) based upon an underlying unsuccessful attempt to obtain habeas corpus relief." *Barritt v. Painter*, 215 W. Va. 120, 123, 595 S.E.2d 62, 65 (2004) (per curiam) (finding that the 1996 modification of Rule 35(b) eliminated its use after a denial of habeas corpus relief).

Although this Court finds that Rule 35(b) does not afford Petitioner relief in this situation, the Court considers the underlying assertions regarding Petitioner's convictions as aider and abettor because he has asserted that first habeas counsel Higgins was ineffective for failing to raise this ground.

The Court concludes that this particular legal issue has been fully adjudicated on the merits in a prior petition and therefore is barred by *res judicata* as detailed in *Losh v. McKenzie* 166 W. Va. 762, 277 S.E.2d 606 (1981).

A judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided . . . ." Syl. pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981). In Petitioner's first post-conviction habea

12

corpus proceeding, Civil Action No. 90-C-361, he questioned his conviction for aiding and abetting kidnapping for which his brother, the principal, was subsequently acquitted. Judge Halbritter issued a written opinion detailing the legal reason why Petitioner's assertion fails as a matter of law.

> West Virginia Code § 61-2-14c provides that 'if any person in any way knowingly aid or abet any other person in the commission of any offense described . . . § 61-2-14a . . . of this article, either as accessory before or an accessory after the fact, such person so aiding and abetting shall be guilty as principal in the commission of such offense and shall be punished in the same manner and to the same extent as is provided in said sections for the person who committed the offense.' The statute does not require that the principal be convicted before the aider and abettor can be convicted.

(Feb. 20, 1997 Opinion in Civil Action No. 90-C-361, at 22.) Although Judge Halbritter decided this particular legal issue as it regards to kidnapping, the same reasoning pertains to Petitioner's present argument that he cannot be an aider and abettor to first degree sexual assault when the principal is later acquitted.

An aider and abettor is a principal in the second degree, *see State v. Harper*, 179 W. Va. 24, 29, 365 S.E.2d 69, 74 (1987), and as such is punishable as if he was a principal in the first degree. W. Va. Code § 61-11-6 (LexisNexis 2010). In order to sustain a conviction for aiding and abetting the principal offense, the prosecution must prove "that there [was] a crime committed and a principal in the first degree, and it must be shown that the person for whom [the] accused was acting was connected with the offense." *State v. Lola Mae C.*, 185 W. Va. 452, 458, 408 S.E.2d 31, 37 (1991).

In *Lola Mae C.*, the defendant was indicted, tried, and convicted of two counts of first degree sexual assault. 185 W. Va. at 455, 408 S.E.2d at 34. Important to the issue this Court must decide, the defendant in *Lola Mae C.* was indicted and tried *separately* from the principal. 185 W. Va. at 37, n.12, 408 S.E.2d at 37, n.12. The defendant appealed her conviction on the

13

ground that the "state violated the purpose of having the father and stepmother separately indicted and tried by placing into evidence matters relating to the father's guilt, in particular 14 to 15 prior sexual assaults . . . ." 185 W. Va. at 453, 408 S.E.2d at 32.

The Court held that as part of the state's case-in-chief, "the state bore the obligation to prove that the defendant's husband did indeed commit the sexual assault on the victim on the occasion involving the defendant in order to prove that the defendant aided and abetted him." 185 W. Va. at 458, 408 S.E.2d at 37. Thus the issue was "whether evidence of such collateral acts by the father would have been admissible to prove *his* guilt on the occasion involving the defendant." *Id.*

The Court finds *Lola Mae C.* instructive. The state, in order to secure a conviction for aiding and abetting, must prove that the principal did indeed commit the crime. However, as *Lola Mae C.* shows, the state must do so at the trial of the principal in the second degree. Obviously, a principal in the first degree cannot be convicted in a trial in which he or she is not a defendant. The state carries the burden of proving at the aider and abettor's trial that the principal in the first degree committed the act. The State carried its burden in Petitioner's trial of proving that his brother committed the crime of first degree sexual assault as a principal in the first degree. Any subsequent acquittal of the principal in the first degree in his own trial has no bearing on the aider and abettor's conviction.

Petitioner, in his *pro se* Petition for Writ of Habeas Corpus in Civil Action No. 07-C-256, cites *Shuttlesworth v. City of Birmingham*, 373 U.S. 262 (1963), for the proposition that "[i]t is generally recognized that there can be no conviction for aiding and abetting someone to do an innocent act." (Nov. 5, 2007 Pet. in Civil Action No. 07-C-256, at 20.) Petitioner also cites *United States v. Prince*, 430 F.2d 1254 (4th Cir. 1970), for the proposition that where the

14

acquittal of the principle established the act constituting the offense was not committed, then the conviction of the aider and abettor to that crime must be set aside. (Nov. 5, 2007 Pet. at 20.)

A close reading of *Shuttlesworth* shows it does not afford Petitioner relief. The convictions as aiders and abettors were overturned because the underlying acts were not in themselves criminal acts. The Court stated:

> Petitioners were convicted for inciting, aiding, and abetting a violation of the city trespass ordinance. The trespass 'violation' was that committed by the petitioners in *Gober v. City of Birmingham*, 373 U.S. 374 . . . . Since the convictions in Gober have been set aside, it follows that the present petitioners did not incite or aid and abet any crime, and that therefore their own convictions must be set aside.
> It is generally recognized that there can be no conviction for aiding and abetting someone to do an innocent act.

*Shuttlesworth*, 373 U.S. 262, 265 (footnote omitted).

In *Gober*, the Court issued a very short written opinion: "The judgments are reversed. Peterson v. City of Greenville, 373 U.S. 244, 83 S.Ct. 1119." In *Peterson v. City of Greenville*, the Court found that a city ordinance requiring the segregation of African-Americans and Caucasians at lunch counters and which was enforceable through the state's criminal processes was a deprivation of the equal protection of the law as required by the Fourteenth Amendment to the United States Constitution. *Peterson*, 373 U.S. 244, 248 (1963). There was no violation of the city ordinance because the city ordinance was unconstitutional.

The Court finds that this is materially distinguishable from Petitioner's case. Petitioner was convicted as an aider and abettor of a violation of a state law prohibiting a person from employing a deadly weapon in the commission of sexual assault. It is quintessential criminal conduct. A conviction for aiding and abetting that criminal conduct does not violate either the State Constitution or the Federal Constitution. The jury found at Petitioner's trial that the State proved beyond a reasonable doubt that a crime was committed, Elwood Johnson committed it as

15

the principal, and William Mark Johnson aided and abetted that crime. *Shuttlesworth* is not on point.

Petitioner also cites *United States v. Prince*, 430 F.2d 1324 (4th Cir. 1970) (per curiam), for the proposition that an acquittal of the principal requires the conviction of an aider and abettor to be set aside. (Nov. 5, 2007 Pet. at 20.) In *Prince*, the Fourth Circuit vacated a conviction for aiding and abetting the taking of a rail bird from a boat while a motor was running in violation of federal law. *Prince*, 430 F.2d at 1325. While his appeal was pending, his companion, the alleged principal, was found not guilty. *Id.* The Fourth Circuit concluded that because there were only two people in the boat, the appellant could not have aided and abetted any other person, therefore no crime was committed. *Id.*

This Court finds *Prince* unpersuasive. First, *Prince* has been cited as a minority position and has never been cited by any court in the Fourth Circuit in a published opinion. The holding in *Prince* was criticized in a well-reasoned opinion from the Third Circuit, which represents the majority position and is in accord with the West Virginia Supreme Court's reasoning in *Lola Mae C.* In *United States v. Standefer*, 610 F.2d 1076 (3rd Cir. 1979), the Third Circuit, sitting *en banc*, stated that although

> [t]he superficial attractiveness of [the *Prince*] approach is readily apparent . . .
> we [do not] believe that this type of conundrum would be all that unusual in
> cases where aiders and abettors are tried separately from the principals that
> committed the crime. It will surely come as no surprise that in many cases the
> proof available to the government may vary depending on who is being
> prosecuted and when the prosecution is brought. Evidence inadmissible against
> one defendant may often be used against another. For example, differing defense
> strategies may result in different rulings on admissibility under the Federal Rules
> of Evidence or . . . different witnesses and different emphasis in testimony.
> Similarly, one defendant may lack standing to challenge the admissibility of
> evidence unconstitutionally obtained from a co-defendant, and therefore
> inadmissible against the co-defendant but admissible against him. And if there is
> a substantial time difference between the trials of the defendants, a key witness
> at the first trial may die or be missing at the time of the second trial, or

16

considerably shorter [sentence] creating an inequity of sentences between codefendants." (Am. Pet. at 13-14, Civil Action No. 02-C-42.) The Court finds that this is not an actual issue and therefore first habeas counsel Higgins was not ineffective for not addressing it.

The statute prescribing the punishment of principals in the second degree at the time Petitioner was sentenced stated "[i]n the case of every felony, every principal in the second degree . . . shall be punishable as if he were the principal in the first degree[.]" W. Va. Code § 61-11-6 (1923) (current version at W. Va. Code § 61-11-6 (2009)). The punishment for sexual assault in the first degree at the time Petitioner was convicted of aiding and abetting first degree sexual assault was imprisonment "in the penitentiary not less than fifteen nor more than twenty-five years, or fined not more than ten thousand dollars and imprisoned in the penitentiary not less than fifteen nor more than twenty-five years." W. Va. Code § 61-8B-3 (1984) (current version at W. Va. Code § 61-8B-3 (2006)).

First habeas counsel Higgins was not ineffective for not raising this because there is no merit to Petitioner's assertion that he has received an inequitable sentence. The law in place at the time of Petitioner's convictions clearly allowed for his punishment by consecutive fifteen to twenty-five year sentences for each conviction. Petitioner William Mark Johnson was sentenced in a different court and by a different judge than Elwood Johnson. The sentencing judge had discretion to determine the appropriate punishment. Accordingly, Petitioner's assertions are without merit and the Court denies the requested relief on this ground.

E. Habeas counsel Higgins did address the statements made by prosecutor Hopkins.

Petitioner alleges that "[a]ppellate and habeas counsel failed to fully address the issues of the prejudicial statements made by the trial prosecutor Hopkins in closing statements." (Am. Pet. at 14, Civil Action No. 02-C-42.) The Court finds that first habeas counsel Higgins was not

18

ineffective because he did raise this ground in the first habeas proceeding and Judge Halbritter found it was not supported by the record and without merit. (Feb. 20, 1997 Opinion at 13, Civil Action No. 90-C-361.)

Judge Halbritter wrote that "[t]he petitioner also asserts that defense counsel failed to object on many of the errors made by the Assistant Prosecuting Attorney during the opening and closing argument to the jury. The record does not support this assertion. The Court finds this assertion to be without merit." (*Id.*) Therefore, this Court finds that habeas counsel Higgins did raise this ground and it has been fully and finally adjudicated on the merits. The Court denies Petitioner relief on this ground.

F. **Habeas counsel Higgins was not ineffective for failing to raise the ground that the same trial prosecutor was present when Lt. Zain testified differently at Elwood Johnson's trial.**

The Court finds that all Zain issues have been fully and finally adjudicated on the merits and a judgment was rendered denying relief. In its August 23, 1995 Opinion, the Circuit Court of Preston County found that "the remaining evidence after disregarding the evidence of Zain was sufficient to support the conviction. The State's evidence in this case was very, very strong." (Aug. 23, 1995 Opinion at 5, Civil Action No. 93-C-405.)

The Court finds this judgment was appealed to the Supreme Court of Appeals of West Virginia, which refused to hear it by Order dated July 15, 1998. On December 10, 2010 (and reissued for purposes of appeal on January 7, 2011), the Circuit Court of Preston County issued an Order Denying Petition for Habeas Corpus as it pertained to all issues raised under *Zain I.* (Dec. 10, 2010 Order Denying Pet. for Habeas Corpus at 14.) Assuming, *arguendo*, that habeas counsel Higgins was ineffective for not raising the issue asserted by Petitioner, this Court would nevertheless find that he cannot prove by a preponderance of the evidence that it would have

19

changed the outcome.[3] As this Court stated in the December 10, 2011 Order Denying Petition for Habeas Corpus, it concurs with Judge Halbritter's finding that "Zain's testimony did not have a prejudicial effect on the jury. The State's case was extremely strong." (*Id.* at 14-17.)

## G. Habeas counsel Higgins was not ineffective for failing to raise the issue of the Court's denial of a continuance.

Petitioner asserts that first habeas counsel Higgins was ineffective because he did not address the Court's denial of a continuance because his trial attorney was not prepared to go forward. (Am. Pet. at 17, Civil Action No. 02-C-42.) Petitioner asserts that the "denial of this continuance request was extremely prejudicial to the client[.]" (*Id.*)

In *Carrico v. Griffith*, the appellant appealed a circuit court's denial of relief in habeas corpus. The appellant asserted, *inter alia*, that he was denied a fair and impartial trial because the trial court erred in refusing a continuance. *Carrico v. Griffith*, 165 W. Va. 812, 821, 272 S.E.2d 235, 240 (1980). The Supreme Court of Appeals affirmed the trial court's denial of habeas relief and stated that "[h]abeas corpus is not a substitute for appeal but will lie to test a denial of a constitutional right. The matters relied upon are fair subjects for appeal, but not habeas corpus." *Id.*

The Court finds *Carrico v. Griffith* directly on point. Here, Petitioner Johnson asserts that his first habeas counsel was ineffective for failing to raise the trial court's denial of a continuance. The Court finds that Petitioner's first habeas counsel is not ineffective because this issue was not appropriate for habeas corpus. Accordingly, the Court finds that Petitioner's assertion is without merit.

---

[3] The Court is not making a finding that attorney Higgins was ineffective.

**H. Petitioner's assertion that Higgins was ineffective for failure to raise the issue that trial counsel failed to convey all plea offers is without merit.**

On December 17, 2012, Petitioner, through counsel, filed a Motion for New Hearing to Submit Additional Evidence Following Partial Remand and New Case Law. In that Motion, Petitioner requested that he be allowed to present new evidence so the Court could determine whether the principles announced in *Missouri v. Frye* and *Lafler v. Cooper* were violated. The Court, after a hearing on December 18, 2012, granted the Motion and an evidentiary hearing was held on May 17, 2013. Petitioner Johnson appeared in person and by counsel Melissa Giggenbach. The Warden appeared by Preston County Prosecuting Attorney Melvin C. Snyder III.

In *Missouri v. Frye*, the United States Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S.Ct. 1399, 1408 (2012). Counsel's failure to convey a plea offer to a defendant "d[oes] not render the effective assistance the Constitution requires." *Id.*

*Frye* simply extends a protection under the Sixth Amendment of the Constitution of the United States what Article III, § 14 of the Constitution of the State of West Virginia already provides.

> Objective professional standards dictate that a criminal defense attorney, absent extenuating circumstances, must communicate to the defendant any and all plea bargain offers made by the prosecution. The failure of defense counsel to communicate any and all plea bargain proposals to the defendant constitutes ineffective assistance of counsel, absent extenuating circumstances.

Syl. pt. 3, *Becton v. Hun*, 205 W. Va. 139, 516 S.E.2d 762 (1999). The requirement that defense counsel convey all plea offers to the accused to render effective assistance has been the law in West Virginia for over a decade before the United States Supreme Court decided *Frye*.

21

In *Lafler v. Cooper*, the United States Supreme Court held the following:

> If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.

*Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012). In *Lafler*, the question presented to the Court was not whether the advice given was ineffective. Trial counsel in that case advised the defendant to not accept the plea offer because counsel believed the state could not prove the intent element of first degree murder because the defendant shot the victim below the waist. Both parties in the appeal to the Supreme Court conceded this advice was ineffective. *Id.* at 1383.

In Petitioner's case, this Court must decide whether habeas counsel Higgins was ineffective for failing to raise the issue that trial counsel did not convey all proposed plea offers, and under *Lafler*, whether trial counsel's advice rendered ineffective assistance of counsel. In the first instance regarding possible issues under *Missouri v. Frye* and *Becton v. Hun*, the Circuit Court of Preston County found in Civil Action No. 90-C-361 that

> defense counsel informed the petitioner of the state's proposed plea offer and that defense counsel discussed with the petitioner that the state would have a different view of any possible plea offer if the victim was interviewed. After the discussion, the petitioner told counsel to go ahead and interview the victim.

(Feb. 20, 1997 Opinion at 10, Civil Action No. 90-C-361.) Accordingly, any assertion that trial counsel failed to convey this proposed plea offer has been fully and finally adjudicated and is barred by the principles of *res judicata*.

Regarding the second plea offer, Petitioner Johnson testified: "I don't remember him talking with me about it. But, evidently he did, because I signed a Motion to Withdraw that he had filed." (Hr'g Tr. 35, May 17, 2013.) Accordingly, Petitioner has not shown by a

22

preponderance of the evidence that the plea offer was not conveyed. His testimony demonstrates that he cannot remember.

As to the potential *Lafler* issue, Petitioner must prove the allegations contained in his petition by a preponderance of the evidence. At the May 17, 2013 hearing in which Petitioner was afforded the opportunity to place new evidence in the record, trial counsel David Brown testified that he knew he would have discussed the first plea offer with Petitioner and that he left the decision to Petitioner.[4] Trial counsel Brown specifically stated, "I don't believe he decided it the same day. He let me know later that he wanted me to go ahead and proceed to interview the child."[5] (Hr'g Tr. 18, May 17, 2013.)

This Court finds that Petitioner has failed to meet his burden of proving by a preponderance of the evidence that he received ineffective assistance of counsel in considering whether to take either plea offer. He testified at the May 17, 2013 hearing that trial counsel told him that if he did not take the first plea offer, then they were going to court and he was going to get life and 300 years. (Hr'g Tr. 35, May 17, 2013.) After going to trial and being convicted of multiple charges, Petitioner Johnson received what is essentially a life sentence. Thus, Petitioner's own testimony reflects that trial counsel's advice was accurate. *Lafler* does not afford Petitioner relief for advice he received on the first plea offer.

Petitioner has further failed to prove by a preponderance of the evidence the advice he received regarding the second plea offer was constitutionally ineffective. Petitioner testified he

---

[4] Rule 1.2(a) of the West Virginia Rules of Professional Conduct places the decision of whether to accept a plea squarely with the client.

[5] The first plea agreement required the Petitioner to plead guilty to one count of second-degree sexual assault and was contingent upon Petitioner not interviewing the alleged victim. Trial counsel Brown testified that he believed that type of plea offer, which "essentially told us we shouldn't investigate further," was an unethical type of plea bargain. (Hr'g Tr. 26, May 17, 2013.) He filed a Motion to Withdraw as counsel because he "wanted to make sure it was preserved on the record for anyone who wanted to appeal it, in case he was convicted . . . ." (*Id.*) Because a defendant is not entitled to a plea offer as a matter of right, *see Missouri v. Frye*, 132 S.Ct. 1399, 1410 (2012), this Court is not addressing the ethical questions raised by the plea offer.

23

could not remember the conveyance of the second plea offer but it must have occurred. Accordingly, Petitioner has failed to prove that the specific advice was ineffective. *Lafler* does not afford Petitioner relief for advice he received on the second plea offer.

## CONCLUSION

For the reasons detailed in this Order, the Court does hereby

ORDER that the relief requested by Petitioner in his petitions for writ of habeas corpus is denied. It is further

ORDERED that the Clerk of the Court personally deliver or deliver via first-class mail a certified copy of this Order to Prosecuting Attorney Melvin C. Snyder III; to Melissa Giggenbach, counsel for Petitioner; and to Petitioner William Mark Johnson.

ENTER this 7 day of August, 2013.

_____
Lawrance S. Miller, Jr., JUDGE

ENTERED this 7 day of August, 2013.

_____
Betsy Castle, CLERK
by _____, Deputy

A TRUE COPY:

ATTEST:     S. BETSY CASTLE
CLERK OF THE CIRCUIT COURT
By _____, Deputy